## NEW YORK SUPERIOR COURT.

JAMES T. RYAN and another agt. THE ATLANTIC MUTUAL INSURANCE Co. and others.

*Action on insurance policy — when reference will be ordered.*

In an action on a marine policy of insurance, where there are a great many hundred items of expenditure and loss involved, which seem to be items of general and particular average, and the answer puts in issue every one of the items, it presents an action on contract involving an unusually long account between the parties, and is a proper one for a reference.

In such a case no constitutional right of trial by jury exists.

Nor is a statement, in general terms, that difficult questions of law are involved sufficient to defeat an otherwise meritorious application for a reference.

The referee to be appointed should be selected, however, with regard to his qualifications for the trial of the questions presented by the issues.

*At Special Term, October,* 1875.

MOTION for reference of issues.

*C. A. Hand,* of counsel for defendants, for motion.

*Charles E. Whitehead,* of counsel for plaintiffs, in opposition.

FREEDMAN, *J.*— The complaint is on a policy of insurance for $100,000 upon a cargo valued at $400,000, on a voyage from New York to San Francisco, and it alleges that the insurance was free of particular average, unless occasioned by stranding and amounting to twenty-five per cent; that before the completion of the voyage the ship became stranded; that by such stranding the cargo became greatly damaged; that the

ship was necessarily broken up in recovering the cargo; that the loss greatly exceeded twenty-five per cent of the value of the cargo; that, in part, the defendants and other underwriters have themselves borne and sustained such loss, but that, in addition, there was a loss of $278,274.08, of which defendants should pay $69,568.52.

The bill of particulars served by the plaintiffs contains so many hundred items of expenditure and loss that none of the many learned counsel who are engaged in this case and the cases which are to abide the event of it, so far as the question involved in this motion is concerned, could give me the precise number. They seem to be items of general and particular average, and a great number and variety of them were incurred at different times, and many seem to be applicable to the ship which was not covered by the policy.

The answer, among other things, puts in issue every one of the items referred to, and alleges a large number of items of expenditure by the defendants for the recovery of the cargo, at the request of plaintiffs, for account of all interests at risk, and exceeding the amount of defendant's liability under the policy in question.

The action is, therefore, on contract, and involves an accounting between the parties. That the account is an unusually long one is conceded. It is of the essence of plaintiffs' case to present and substantiate the items of general and particular average, with a proportion of which they seek to charge each underwriter. And not only is each item the subject of examination, but its proper place and distribution with reference to each interest and each other item must also be determined.

In such a case no constitutional right of trial by jury exists. *Batchelor* agt. *Albany City Ins. Co.* (1 *Sweeney*, 346), is still good law, whenever the complaint contains a cause of action on contract and the trial of the issues involves the examination of a long account on either side (*Maryott* agt. *Thayer*, 39 *Superior Ct. R.*, 417).

Nor is a statement in general terms, that difficult questions of law are involved, sufficient to defeat an otherwise meritorious application for a reference (*Patterson* agt. *Stettauer*, 1 *Superior Ct. R.*, 413).

It being next to impossible to have the issues involved in this case determined by a jury, and a trial in open court, without a jury, involving, as it would, an undue consumption of public time upon mere matters of account, to the exclusion of other more legitimate and pressing business, being equally open to serious objection, defendants' motion for a reference of all the issues must prevail.

The referee to be appointed should be selected, however, with regard to his qualifications for the trial of the questions presented by the issues; and for that purpose the parties may have a reasonable time to agree among themselves.