JAEGER v. WHITSETT et al.

1. That a deed is ineffectual to convey title as to part of the lands described is of itself no ground for setting aside the deed. Nor will a court of equity entertain a bill for compensation or damages, except as incidental to other relief, where there is an adequate remedy at law.

2. One accepting a deed of conveyance of land is bound to exercise ordinary prudence in examining the instrument, and cannot, in a suit against the grantor for alleged defects in the deed, excuse himself for this neglect upon the ground of his confidence in the grantor.

*Appeal from District Court of Arapahoe County.*

THIS was a suit in equity, commenced by John G. Jaeger, the appellant, in the district court of Arapahoe county, to recover money claimed to be due him by the appellees, Richard E. Whitsett and Fox Diefendorf, for an alleged

fraud practiced upon him by the appellees in the sale and conveyance of two lots in Larimer street in the city of Denver, and also to cancel the deed. The bill was dismissed upon the final hearing and a decree rendered in favor of Whitsett and Diefendorf, the defendants below, for costs. Thereupon Jaeger prosecutes this appeal. The facts are stated in the opinion.

Mr. T. G. PUTMAN, for appellant.

Mr. E. L. SMITH, for appellee.

HALLETT, C. J.   The first objection is, that one of the defendants in the bill was not before the court when the decree was entered, and this, if correct, must have been because of the omission of appellant to serve him with process. Appellant was complainant in the bill, and if he proceeded to hearing and decree without bringing the proper parties into court, the error, if any was committed, is his own.   The decree, however, recites that both defendants appeared, and the appeal bond was given to both of them.   Upon this we are authorized to assume, in this appeal at least, that Diefendorf is a party to the decree.   The bill charges that in the year 1868, appellant purchased from appellee certain lots in the city of Denver, and took from them a deed without any of the usual covenants for title.   That the grantors agreed to convey by deed of general warranty, and relying upon that assurance, appellant did not read the deed, or cause it to be examined at the time it was delivered to him. That the words "warranty deed," were printed on the back of the instrument in large letters, and thereby appellant was misled as to its character.   That at the time of the purchase, appellees assured appellant that they owned the whole of the lots in fee, but the fact is, that a portion of each lot was owned by a third party and not by appellees. That appellant has entered upon and improved the lots, was compelled to buy in this outstanding title at a cost of $500.   Wherefore he prays that the deed to him may be

canceled in so far as it pretends to convey the parts of lots not owned by appellees, and that the court will decree to him what shall appear to be due him. There was also a prayer for general relief. Whitsett alone answered the bill, admitting that he executed the deed, and denying that he agreed to convey with warranty, and that he made any representations respecting the title. Appellant replied to the answer, the cause was referred to a master, and upon the coming in of the report a hearing was had, resulting in the dismissal of the bill. We find some difficulty in referring the case to any distinct head of Equity Jurisdiction. Appellant has not offered to reconvey or surrender the lots purchased by him, and therefore we cannot say that he desired to rescind the contract. It is true that he asks that the deed to him be canceled, in so far as it relates to the parts of lots not owned by appellees, but this prayer, if we could grant it, would afford no relief. If the deed is now ineffectual to convey title as to parts of the lots, that, in itself, is not a reason for setting it aside, nor is it a ground upon which appellant may demand money paid by him for an outstanding title. The charge that appellees agreed to convey with warranty, and by false representations induced appellant to accept a deed without such covenant, may, if true, be a ground for reforming the instrument, but such relief is not demanded. If, however, the general prayer extends to all relief that may be properly granted upon the facts alleged, it is doubtful whether the damages which might perhaps be recovered upon a covenant of warranty in an action at law can be awarded in equity upon a bill to reform the deed. The general rule is, that courts of equity will not entertain bills for compensation or damages, except as incidental to other relief where an adequate remedy for such compensation or damages lies at law. Story's Eq. Jur., § 798. Whether under this rule upon bill to compel a conveyance with warranty damages resulting from defects in the title to the property purchased, can be recovered, is at least doubtful. And certainly in so far as relief

is grounded upon alleged false representations respecting the title to the lot, there is adequate remedy at law for the deceit. The theory of the bill appears to be that certain false representations were made by appellees respecting the deed, and also the title to the lots, upon proof of which appellant will be entitled to moneys expended in perfecting the title. That such a bill may be maintained for damages merely, is by no means certain, but we do not intend to decide the point. There would still remain the question, whether the bill may stand for specific performance of the contract in respect to the covenant of warranty, rejecting the prayer for damages, and this, together with all other questions, may be determined upon the facts, without reference to the form or nature of the remedy. As to the alleged agreement to convey the lots with warranty it is affirmed by appellant, and denied by one of the appellees, who alone testify respecting it, and the evidence does not preponderate upon one side or the other. The words printed on the back of the deed were probably misleading, and we cannot say that the use of them was consistent with the highest morality. But such words would not induce a man of ordinary prudence to accept a deed without examination. In respect to such instruments, great care is usually exercised, and the advice of counsel is taken. Indeed appellant testifies that upon another occasion he purchased property from Whitsett, and he then consulted an attorney as to the deed which he received. That he did not pursue the same course in this instance was due to his confidence in appellees. It is not enough that he had confidence in the parties with whom he was dealing, but he was bound to exercise the care that men commonly give to such matters. *Mooney* v. *Miller*, 102 Mass. 217; Kerr on Frauds, etc., 82 *et seq.* He admits that he could read the deed, and it was of his own neglect that he did not do so. Upon the alleged representations as to title, the parties are opposed in testimony in the same manner as upon the deed, and there are these additional circumstances. Appellant took an abstract of title, which

affords a presumption that he did not rely upon information obtained from appellees respecting it.   He also testifies that another party was present on one occasion when Whitsett promised to be responsible for the title.   In the conflict of testimony, it is a circumstance against him, that he did not call this third party to prove a fact so important, or at all events make some effort to obtain his testimony.   This, however, is not very strong, for the witness may have removed to parts unknown; but casting this out, we are unable to say that false representations as to the title were in fact made as charged, and so the proof fails upon this point as well as upon the other.

The decree of the district court is affirmed with costs.

*Affirmed.*