# THE COLORADO LAW REPORTER.

VOL. I.]                DENVER, SEPTEMBER, 1880.                [NO. 1

## HUSTON *et al. v.* WADSWORTH.

### (*Supreme Court of Colorado, April Term, 1880.*)

CODE. TO BE LIBERALLY CONSTRUED. Unlike California, there is no constitutional limitation to a liberal construction of the provisions of the Code of Civil Procedure, in relation to trial by jury, as well as other matters of practice. (Sec. 446, Code.)

REFERENCE may be made by the court without the consent of the parties litigant: when the issue of fact requires the examination of a long account on either side. (Sec. 183, Code.) In such case jury not essential.

TRIAL BY JURY, as secured in Sec. 33, Bill of Rights, relates to criminal cases, but imposes no restriction upon the legislature in respect to the trial of civil causes.

IB. ID. The seventh article of the amendments to the constitution of the United States relates to such courts only as sit under the authority of the United States, and was not intended as a restriction upon State courts.

BECK, J.   This was an action upon a contract for grading a railroad. The court below, on motion of the appellee, who was the plaintiff in the suit, and without consent of the defendants, referred the cause to a referee to hear and determine all the issues of law and fact. The referee took the proofs and reported a finding in favor of the plaintiff, upon which a judgment was entered by the court. The errors assigned question the power of the court to refer the cause, likewise the validity of the judgment.

The order of reference does not disclose the ground on which it was based, but an examination of the pleadings shows that the reference must have been made under the first subdivision of section 183 of our Code of Civil Procedure, which provides as follows: "When the parties do not consent, the court may, on

application of either, or upon its own motion, direct a reference in the following cases: First, when the trial of an issue of fact requires the examination of a long account on either side, in which case the referees may be directed to hear and decide the whole issue, or report upon any specific question of fact involved therein." Laws 1879, p. 222, Sec. 15.

This suit was brought to recover for work done under the contract mentioned, from the 9th day of September, 1878, to the 11th day of December, 1878. The grading was done in Las Animas county, Colorado, and in Colfax county, New Mexico. The stipulated compensation varied according to the character of the work. For a certain kind of work the contract price was twelve and one-half cents per yard for excavating and the same for fills; for other kinds of work thirteen cents, thirteen and one-half cents, thirteen and three-fourths cents, and fourteen and one-fourth cents, according to the character of the work; and for all earth hauled a distance exceeding two hundred feet, the contract provided a compensation of one cent per yard for hauling. The plaintiff sues for 20,000 cubic yards of fills and excavations, and for hauling 30,000 cubic yards of earth a distance exceeding two hundred feet, the claim amounting in the aggregate to the sum of $3,900. Credits are given for payments to the workmen employed by plaintiff Wadsworth to the amount of $2,800. The complaint alleges the execution of the contract to plaintiff Wadsworth, and one T. A. Maddox. The latter afterwards assigned his interest in the contract to plaintiff.

The answer admits the execution of the contract, calls for proof of the assignment, denies all indebtedness, and alleges payment in full for the work done.

The principal issue in the case is, whether defendants have paid in full for all the work done. To determine this issue involves an account of every yard of excavating, filling and hauling, and the character of the work; likewise an account of all the moneys paid on account of the contract. And when it is further considered that the work progressed for a period of three months, over an extended line of railroad, it is safe to say that a controversy of this nature would involve the examination of long accounts on both sides. The main issue was therefore clearly referable.

But counsel for the appellants also insist that the court erred in referring all the issues to the referee. On this point we find

two lines of authorities on Code provisions substantially the same as our own; one in California, the other in New York. The courts of California have necessarily adopted a strict construction of the statute, being impelled thereto by a provision of the constitution of that State. The courts of New York have adopted a more liberal construction, not being under the same constitutional restraint. The California constitution provides that the "right of trial by jury shall be secured to all and remain inviolate forever." Consequently when the statute was enacted, providing for compulsory reference of issues to referees to hear and determine, the courts of that State were under the necessity of either declaring the act unconstitutional, or of giving it a strict and narrow construction. The latter course was pursued and the statute held applicable to actions only. In *Grim* v. *Norris*, 19 Cal., 140, the court say: "An intentional violation of the constitution on the part of the legislature is not to be presumed, and by construing the statute as solely applying to proceedings in equity, we avoid a seeming conflict between the two instruments. We have no doubt but this construction is in accordance with the intention of the legislature; but whether it is or not, it is certain that no other effect can be given to the statute."

In other opinions it is held that no power exists in the courts to order a trial of all the issues of fact in a cause by a referee, without consent of the parties litigant, but only those which involve the examination of a long account. *Williams* v. *Benton*, 24 Cal., 424; *Hastings* v. *Cunningham*, 35 Cal., 550.

The constitutional provision of the State of New York upon this subject is "that the trial by jury in all cases in which it has been heretofore used, shall remain inviolate forever."

It appears that trial by jury had been a matter of right in all common law actions in that commonwealth as far back as the jurisprudence of the State extends, except only as to actions on contracts involving the examination of long accounts, which actions always had been referable. The same rule of practice was adhered to after the adoption of the Code, and the provision now under consideration was construed to permit the compulsory reference of actions on contracts involving the examination of long accounts. *Townsend* v. *Hendricks*, 40 How. Pr., 143; *Ryan* v. *Atlantic Insurance Company*, 50 How. Pr., 321; *Welch* v. *Darragh*, 52 N. Y., 590.

The courts of that State further held in cases of the description just mentioned, that whether the whole of the issues shall be referred, or the taking of the account merely, rests in the discretion of the court, to be exercised according to the particular circumstances of each case. *Whittaker* v. *DeFosse*, 7 Bosworth, 678; *Batchelor* v. *Albany City Insurance Company*, 37 How. Pr., 399.

We are disposed to favor the construction adopted by the courts of New York, as one which the statute will bear, and one attended with greater benefits to litigants, being more speedy and involving less expense.

In our case there is no constitutional impediment in the way of a liberal construction of the Code remedy. Section 23 of the Bill of Rights, referred to in appellant's brief, secures the right of trial by jury in criminal cases, but imposes no restriction upon the legislature in respect to the trial of civil causes.

No necessity, therefore, exists for a strict construction, and the Legislature has said that "the rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this Code. Its provisions and all proceedings under it shall be liberally construed, with a view to promote its object, and assist the parties in obtaining justice." Code Civil Procedure, Sec. 446.

There is no merit in the point made by counsel for appellants, that the reference of a case for trial without consent of the parties, is in violation of the seventh article of amendments to the constitution of the United States, which secures the right of trial by jury in suits at common law, where the value in controversy should exceed twenty dollars. This provision relates to such courts only as sit under the authority of the United States, and was not intended as a restriction upon State courts. Cooley's Const. Lim., p. 19* and note 1; *Lee* v. *Tillotson*, 24 Wend., 337; *Twitchell* v. *The Commonwealth*, 7 Wallace, 327.

We discover no error in these proceedings sufficient to warrant a reversal. The only question of fact in the case not involved in the matter of the accounts, was the question of the assignment of the contract on the part of Maddox. This assignment was not denied by the answer, and if put in issue at all by it, which admits of doubt, it was merely a collateral issue.

The referee took down the testimony and reported his findings, together with all the evidence and the objections thereto, to the court, in pursuance of the statute and of the order of reference. Thereafter and before any judgment was entered in the case, all questions concerning the rulings and findings of the referee were raised before the court by a motion to confirm his report, and for judgment thereon, and it appears that the court, after reviewing the proceedings and findings, confirmed the report and entered judgment. The judgment will be affirmed.