In re House Resolutions Concerning Street Improve-
ments.

Expense of Grading and Paving Public Streets.— The supreme
court declines, in response to legislative questions, and upon *ex parte*
arguments, to overrule its former decisions denying the power of
the legislature to provide for the grading and paving of public streets
at the expense of the abutting lot-owners.

The opinion of the court is in response to certain ques-
tions by the house of representatives, as follows:

" Whereas, there have been introduced into both branches
of the general assembly bills concerning amendments to
the city charter of the city of Denver, providing that
wherever the owners of the majority of lots abutting on a
street or alley or a section thereof shall petition the city
council for the paving or grading, or either or both, or
wherever the board of public works shall order the same
and shall notify the city council, such paving or grading,
either or both, shall be ordered by ordinance, two-thirds of
the total expenses thereof shall be assessed and be a lien
upon the property abutting upon the same, and one-third
of such expense shall be borne by the city; and providing
that the city council shall assess such two-thirds of the total
cost as a special tax against the lots so improved and in
proportion as the respective frontage of each lot bears to
the frontage of all the lots so improved; and

" Whereas, doubts exist as to whether or not such bills,
if enacted into laws, will be constitutional,—

" Therefore, be it resolved by the house of representa-
tives that the honorable supreme court of the state of Col-
orado be and are hereby respectfully requested to give its
opinion of such bills containing such provisions upon the
constitutionality of such laws —

" First, as to whether such improvements can, under such
laws, be legally ordered by the joint action of the board of
public works and the city council alone, and the assessments
duly made for the cost thereof collected from the abutting
property.

"Second, as to whether such improvements can, under such laws, be legally ordered upon such petition of such number of property owners, and the assessments duly made for the cost of such improvements be a lawful lien against the abutting property of those who did not petition therefor, in the district wherein such improvements were ordered made."

PER CURIAM. Upon the submission of the foregoing preamble and resolution from the honorable the house of representatives, able arguments were heard before the court in favor of the constitutionality of the proposed legislation. No one appeared in opposition thereto.

It is well understood that during the last ten years this court has rendered several decisions (commencing with *Palmer v. Way*, 6 Colo. 106, decided in 1881) denying the power of the general assembly under the constitution to provide for the grading and paving of public streets (except as to sidewalks) at the special expense of the abutting lot-owners. That there are decisions by the courts of other states in opposition as well as in support of the doctrine thus announced must be admitted. But we are decidedly of the opinion that the decisions of this court, deliberately announced in actual litigated cases, ought not to be overruled upon *ex parte* arguments in response to legislative questions. We are impressed with the consideration that while the city of Denver and its representatives have been zealous to procure a judicial opinion in support of legislation favorable to street improvements at the expense of abutting lot-owners, the owners themselves have not been heard upon the subject. Evidently the owners feel that they may reasonably rely upon this court not to reverse its former decisions to their prejudice, without giving them opportunity to be heard in some appropriate action or proceeding in which their constitutional rights shall be thoroughly considered upon pleas and arguments submitted in their behalf as well as in behalf of the public.

Without intimating in any manner what conclusion might be reached in case the questions now presented should be brought before the court in the regular course of litigation, we do not deem it proper to express any further opinion at this time.