[No. 4018.]

## IN RE SENATE BILL NO. 142 TO REGULATE JURY TRIALS IN CIVIL CASES.

CONSTITUTIONAL LAW—QUESTION FROM SENATE—PRACTICE.

The supreme court will not pass upon the constitutionality of a proposed bill upon a question from the senate when to do so would require a review of former decisions of the court in litigated cases.

*Original Proceeding.*

*Question from Senate.*

Mr. FRED W. PARKS, Mr. H. M. ORAHOOD, Mr. B. B. LINDSEY and Mr. CALVIN E. REED, *amici curiæ.*

PER CURIAM. The opinion of the court is in response to an interrogatory of the senate as to whether or not Senate Bill No. 142 is in conflict with section 23 of article 2 of the constitution, reading as follows:

" The right of trial by jury shall remain inviolate in criminal cases; but a jury in civil cases in all courts, or in criminal cases in courts not of record, may consist of less than twelve men, as may be prescribed by law. Hereafter a grand jury shall consist of twelve men, any nine of whom concurring may find an indictment; *Provided*, the general assembly may change, regulate, or abolish the grand jury system."

Section 1 of the bill provides that hereafter in all civil cases in courts of record which shall be tried by a jury, not less than three fourths of the number of jurors sitting in such case may concur in and return a verdict therein, and such verdict shall have the same force and effect as though found and returned by all the jurors sitting in the case. This is the vital and material provision of the proposed enactment, the others relating to matters of detail.

In the case of *Huston et al. v. Wadsworth*, 5 Colo. 213, this

court construed the first subdivision of section 188 (now section 204) of the code of civil procedure to permit the compulsory reference of actions on contracts involving the examination of long accounts. That was an action upon a contract for grading a railroad, and, under the common-law practice, would have been an action at law. In the course of the opinion the following language was used:

"In our case there is no constitutional impediment in the way of a liberal construction of the code remedy. Section 23 of the bill of rights, referred to in appellant's brief, secures the right of trial by jury in criminal cases, but imposes no restriction upon the legislature in respect to the trial of civil causes."

The conclusion there reached would probably have been different had the court construed the section of the constitution as imposing restrictions upon the power of the legislature over jury trials in civil actions. The foregoing language of the opinion supports the contention of the advocates of the pending bill. The judiciary committee of the senate, however, referred it to the attorney general for his opinion, which was that, if enacted into law, it would conflict with section 23 of the bill of rights. In the communication of the attorney general he expressed a doubt as to the correctness of his conclusion, and suggested that the opinion of this court be taken. We infer, therefore, that it is upon this suggestion that the interrogatory has been propounded.

Apparently our established practice in answering legislative interrogatories was overlooked when the present resolution was passed, for in at least two cases the rule is laid down that previous decisions of this court in contested causes will not be reviewed in these *ex parte* proceedings. In *In re House Resolutions*, etc., 15 Colo. 598, the announcement was in the following language:

"But we are decidedly of the opinion that the decisions of this court, deliberately announced in actual litigated cases, ought not to be overruled upon *ex parte* arguments in response to legislative questions."

Again, in *In re Assessment of Property*, etc., 25 Colo. 296, and 53 Pac. Rep. 1056, the court in speaking to the same point declares :

" In view of these considerations (*i. e.*, of a prior announcement in a litigated case) * * * we do not feel called upon, in this *ex parte* proceeding, to review our previous decision."

Declining to answer the question submitted is in accordance with the settled practice in such cases, and it must not be inferred therefrom that this court, as now constituted, either sanctions or questions the doctrine of the *Huston* case, *supra*. The closing sentence of the opinion in the above case from the 15th Colorado reports is appropriate in this connection :

" Without intimating in any manner what conclusion might be reached in case the questions now presented should be brought before the court in the regular course of litigation, we do not deem it proper to express any further opinion at this time."