## No. 11,008

### ERNEST IRVINE, INC. v. MURPHY.

Decided January 5, 1925.  Opinion adhered to June 1, 1925.

Action to recover price of an automobile sold defendant. Judgment for defendant.

*Reversed.*

*On Application for Supersedeas.*

1. SALES—*Directed Verdict.* There being a conflict of evidence on the issues presented, the granting of a motion for a directed verdict is reversible error.

2. PRACTICE AND PROCEDURE—*Amendments.* A new trial being directed by the appellate court on reversal of a judgment, proper amendment of pleadings should be permitted.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. P. D. CONNOR, for plaintiff in error.

Messrs. DANA, BLOUNT & SILVERSTEIN, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE court below directed a verdict for defendant in a suit by plaintiff in error against Maybelle Murphy, defendant in error, for the price of an automobile and the matter comes here for review. There was an attachment, and a verdict for defendant was likewise directed on the issues therein.

The complaint alleged a sale of the car by plaintiff to defendant. The answer denied the sale.

The plaintiff proved the delivery of the car to the defendant and its acceptance by her, and the delivery to and acceptance by her of a bill of sale in its name to her, executed by one John A. Murphy, its duly authorized agent, and defendant's husband, transferring the car to her, and the record of said bill with the county clerk and recorder; that she had given a chattel mortgage on the machine to another person and had paid it. Here was clear evidence of sale and an implied contract to pay.

The evidence for the defense was that Mrs. Murphy received the automobile from her husband in return for one of hers which he had previously sold; that she had no intention to buy of the plaintiff company and never agreed to pay. She fortifies this with evidence upon cross examination of one Danahey, vice president of plaintiff company, tending to show that he had sold the car to Murphy and repeatedly tried to get him to pay for it. There was here a conflict of evidence.

The theory of the court in directing verdict seems to have been that there was proof by Danahey that plaintiff sold the car to Murphy and that this necessarily refuted the theory that there was a sale to Mrs. Murphy, and that the suit was on an express contract to pay and none was proved.

But no express promise was alleged; if the complaint is good at all, which we are inclined to think it is, it is on an implied promise; and the court over-looked the fact that the bill of sale and delivery to Mrs. Murphy was strong evidence of a contract to pay, and was concealed from Danahey so that, while he thought the car was sold to Murphy, yet there is evidence that Murphy, with full authority, had actually sold it to Mrs. Murphy.

It would seem that there is much to be said in favor of the proposition that Mrs. Murphy cannot deny that she bought of the company, because that denies the terms of her bill of sale (*Jaeger v. Whitsett*, 3 Colo. 105-108), which is the only evidence she has that the car was acquired by her in due course of law. C. L. §§ 1370, 1371. We do not care, however, to pass on that question now. It is enough to say that, under the evidence before us the case should, at least, have gone to the jury.

In respect to the attachment, if we are right in what we have said above, there was some evidence to support the second ground of attachment, *i. e.*, failure to pay a price due on delivery.

It follows that the judgment must be reversed both on the attachment and on the main case. If the complaint is defective for failure to allege delivery or otherwise, amendment should be permitted.

Reversed and new trial granted.

MR. JUSTICE ALLEN sitting for MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.