## No. 11,099.

### PARKER, ET AL. *v.* MCGINTY, ET AL.

Decided April 6, 1925.  Opinion adhered to September 8, 1925.

Action to foreclose mortgage.  Judgment for plaintiffs.

### *Affirmed.*

1.  ACTIONS—*Note and Mortgage.*  Action on a note and an action to foreclose a mortgage securing the same, are one in equity.

2.  *Mortgage—Foreclosure.*  A suit to foreclose a mortgage is one in equity.

3.  DEEDS—*Assumption of Indebtedness.*  The assumption of a mortgage indebtedness by the grantee in a deed which he accepts, makes him directly liable to the holder of the mortgage note.

4.  *Contents—Knowledge.*  The grantee in a deed, by which he acquires title, will not be heard to say he is ignorant of its terms or legal effect.

5.  MORTGAGE—*Note—Notice.*  A recorded deed of trust, by reference to the note secured thereby, puts all purchasers of the property on inquiry as to its terms, including a provision for the payment of attorney fees, and they are charged with notice of them.

6.  BILLS AND NOTES—*Coupons—Interest.*  Interest on promissory note interest coupons is not compound, and may be lawfully contracted for and recovered.  Such coupons are commercial paper, and this rule applies to private as well as municipal paper.

7.  MORTGAGE—*Foreclosure—Premature Action.*  An action to foreclose a mortgage which is instituted before the term of indebtedness expires, is not premature where on default of payment of interest the holder may declare the entire indebtedness due and payable, and there is a default in this respect, of which defendant had constructive notice.

8.  JURY—*Equity Actions.*  There is no error in the refusal of the trial court to call a jury to try the issues in an action to foreclose a mortgage.

9.  PLEADING—*Misjoinder—Waiver.*  Objections to a complaint on the ground of misjoinder of causes and of parties, are waived by answering over.

*On Rehearing.*

10. CONSTITUTIONAL LAW—*Jury Trial.* The seventh amendment of the federal Constitution concerning jury trials, has no application to a state court.

11.  *Jury Trials.* Section 23 of article II of the Colorado Constitution, secures the right of trial by jury in criminal cases, but imposes no restriction upon the legislature in respect to the trial of civil cases.

*Error to the District Court of Sedgwick County, Hon. H. E. Munson, Judge.*

Messrs. ROLFSON & HENDRICKS, for plaintiffs in error.

Mr. EDWARD J. ROBINS, Mr. T. E. MUNSON, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

MCGINTY was plaintiff below and had judgment in a suit to foreclose a mortgage given by the Parker Brothers Land Company to him to secure a promissory note for $5,000. The defendants Parker and Wagner bring error.

The mortgage is conditioned on the payment of "the sum of five thousand dollars, in manner particularly specified in one certain promissory note bearing even date herewith, due on or before five years after date with interest at six per cent per annum, interest payable annually, executed by said the Parker Brothers Land Company to the said Frank McGinty." There was no further description of the note in the mortgage. The note carried coupons and contained the usual provisions for maturity at the option of the holder on failure to pay interest and for attorney's fees.

While the note was current the company conveyed the mortgaged land to plaintiffs in error, Parker and Wagner,

and they to Lankriet. The deed to plaintiffs in error excepted from the covenant against incumbrances the mortgage in question and then followed this clause: "which mortgage the parties of the second part herein assume." When interest fell in arrears the note was declared due and suit begun. The defence's motion to separate the causes, which they claim were several, was denied, their demurrer to the complaint was overruled and their demand for a jury was refused.

The points for reversal are: (1) That the causes should have been separated. (2) That the court ordered judgment on the note against Parker and Wagner, in case of deficiency. (3) That it included attorney's fees in the computation. (4) That it included therein interest on the coupons. (5) That the action was premature. (6) That a jury was denied.

1. The claim is that the action on the note and the action to foreclose the mortgage are separate causes. The Code 1921, § 272, providing for judgment for deficiency, indicates that the framers regarded the action as one. There is nothing in the case of *Folda Real Estate Co. v. Jacobsen,* 75 Colo. 16, 223 Pac. 748, that prevents this conclusion. It is there shown that they are logically two, but permissibly one; that they are one in equity, and that a foreclosure is in equity follows from *Danielson v. Gude,* 11 Colo. 87, 17 Pac. 283. The original Colorado Code required the one action, but the Act of 1879 (revision of 1887, § 252,), omitted that provision and so permitted separate actions and was apparently for that purpose.

2. Were Parker and Wagner liable to a personal judgment for the amount of the note? They were. The assumption of the note in the deed which they accepted made them directly liable to the holder of the note. *Smith v. Davis,* 67 Colo. 128, 186 Pac. 519. They claim they did not know the assumption was in the deed, but they cannot say they were ignorant of the terms or legal effect of the instrument which gives them title. *Jaeger v. Whitsett,* 3 Colo. 105; *Clayton v. Bank,* 75 Colo. 393, 226

Pac. 141; *Gillett v. Flora,* 68 Colo. 218, 187 Pac. 527.

3. Plaintiffs in error say that the description of the note in the deed of trust as recorded gave them no intimation of the provision for attorney's fees, and they knew nothing of it; the mortgage, however, by reference to the note puts all purchasers on inquiry as to its terms and so they are, in effect, charged with notice of them. *Clayton v. Bank, supra; Colburn v. Gilcrest,* 60 Colo. 92, 151 Pac. 909; *Jones v. Bank,* 74 Colo. 140, 219 Pac. 780.

4. This court has held that interest on coupons is not compound and may be lawfully contracted for and recovered. *Lake County v. Linn,* 29 Colo. 446, 459, 68 Pac. 839, and cases there cited. The coupons are commercial paper (*Gelpcke v. Dubuque,* 1 Wall. 175, 206, 17 L. Ed. 520), and the rule applies to private as well as municipal paper. *Harper v. Ely,* 70 Ill. 581; *Humphrey v. Morton,* 100 Ill. 592; *Benneson v. Savage,* 130 Ill. 352, 22 N. E. 838.

5. The action was not premature because the maturity of the note was accelerated by failure to pay interest and foreclosure was proper on such maturity. The condition of the mortgage is such that if the note is paid "in the manner particularly specified" therein, i. e. according to its terms, the mortgage shall be void and of this plaintiffs in error had constructive notice, as we have shown. The note was not so paid, but according to its terms was due and unpaid. Counsel cite *Rasmussen v. Levin,* 28 Colo. 448, 68 Pac. 94. It is enough to say that that case does not decide the question now before us.

6. · It was not error to refuse a jury. *Danielson v. Gude,* 11 Colo. 87, 17 Pac. 283; *Cree v. Lewis,* 49 Colo. 186, 189, 190, 112 Pac. 326; *Neikirk v. Boulder Bank,* 53 Colo. 350, 355, 127 Pac. 137.

7. Since the above facts were shown in the complaint it follows that the demurrer thereto for want of facts was properly overruled. The briefs argue the question as to the misjoinder of causes and of parties but both of these objections were waived by answering over. We

have held this so many times we are tired of citing the cases.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.

### On Rehearing En Banc.

MR. JUSTICE DENISON.

We granted a rehearing en banc on the ground that a constitutional question was involved. The plaintiffs in error claimed that they were entitled to trial by jury on the question of their liability for the payment of the mortgage debt, because, having parted with their interest in the mortgaged property, they were no longer necessary parties to a foreclosure of the mortgage and that the only question before the court as to them was, therefore, one of law only, not equity, i. e. whether they were personally liable for the payment of that debt, and that in such case they were constitutionally entitled to a jury. No constitutional question is involved. The federal Constitution, amendment 7, has no application to a state court. *Twitchell v. Commonwealth,* 7 Wall. 321, 19 L. Ed. 223; *Huston v. Wadsworth,* 5 Colo. 213, 216. The Colorado Constitution, article II, section 23, "secures the right of trial by jury in criminal cases, but imposes no restriction upon the legislature in respect to the trial of civil causes." *Huston v. Wadsworth, supra;* the case therefore should not have gone to banc.

As to whether the plaintiffs in error were entitled to a jury under the code or the common law; an examination of the pleadings shows that there was no issue for a jury.

The complaint alleges that they assumed the debt by the following clause in the deed from the company to them: "except a certain mortgage for $5,000 made by

the party of the first part to Frank McGinty, * * * which mortgage the party of the second part assumes." While plaintiffs in error make a general denial of matters not admitted, and specifically deny that they promised to pay the debt, yet they expressly admit that that clause was in the deed. They seek to avoid it, as was stated in the original opinion, by saying that they did not know it was there. This raises no issue for a jury. The question is whether they can be permitted to say that they did not know it. That question is for the court and the answer is that they cannot. *Jaeger v. Whitsett*, 3 Colo. 105; *Askey v. Fidelity Ass'n.*, 37 Colo. 432, 439, 86 Pac. 1035.

They also allege that the clause was inserted "by mutual mistake, accident, inadvertence or fraud." Without saying whether this matter is well pleaded, it amounts only to an equitable ground to reform the deed and is not a matter for a jury.

We adhere to the original opinion.