## No. 11,787.

### O'BRIEN, ET AL. *v.* HOUSTON, ET AL.

Decided December 27, 1927.

Action for breach of contract. Judgment for defendants.

### *Affirmed.*

1. CONTRACT—*Breach.* One cannot be held for breach of a written contract executed by another, to which he was not a party.

2. *Failure to Read.* In the absence of fraud or concealment, one executing a written contract will not be heard to say that he did not know its contents.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. MORRISSEY, MAHONEY & SCOFIELD, Mr. HAROLD G. KING, for plaintiffs in error.

Mr. JOHN S. STIDGER, for defendants in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

IN an action by Mike and Nell O'Brien against Houston a verdict was directed for defendant and the plaintiffs bring error.

The evidence for the plaintiffs was that they made an oral contract with Houston that he should sell them certain lots and build for them a house thereon according to a certain plan, for all of which they were to pay him $5,000, the first payment of which, $1,400, was to be and was made by the delivery and receipt of an automobile

at that price; that the house was built, but not according to the agreement, so they refused to accept it and demanded the return of the car.

The defendants' evidence was that Houston was agent for the owner of the lots; that he was not a contractor, and did not build or agree to build the house, but that plaintiffs entered into a written contract with one Gardner whereby he agreed to build it and they to pay him $5,000 for it, including the lots. This contract is in evidence. Houston has the car but testifies with some corroboration that he traded two lots to Gardner for it.

The district court's opinion was that the written contract precluded any claim that Houston had contracted to build the house and that consequently he could not be held for a breach of such contract. We think the court was right. The complaint contains two causes of action, both ambiguous, but whatever they mean they rest on the proposition that Houston made an oral contract to build the house which is refuted by the incontrovertible evidence that finally not he, but Gardner made a written contract which merged all previous negotiations.

The plaintiffs admit signing the written contract, but they say that they did not read it, that they thought it named Houston as the contractor; if there be no fraud or concealment, however, one cannot say that he did not know the contents of a contract he has executed (*Jaeger v. Whitsett*, 3 Colo. 105; *Askey v. Fidelity Sav. Ass'n,* 37 Colo. 432, 439, 86 Pac. 1025; *Parker v. McGinty,* 77 Colo. 458, 460, 463, 239 Pac. 10, Ann. Cas. 1913A 432, n.), and there was no allegation of any fraud or concealment of Gardner's name in the contract. The plaintiffs signed it, they saw Gardner sign it and Houston did not sign it.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.