No. 12,095.

SPEARS *v.* COOK.

Decided March 4, 1929.

Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, Mr. FLOYD F. MILES, for plaintiff in error.

Messrs. PONSFORD, PENDER & LARWILL, for defendant in error.

*Department Two.*

MR. JUSTICE BUTLER delivered the opinion of the court.

LEO L. Spears sued Albert E. Cook on the latter's promissory note. Judgment was rendered for the accrued interest only. Claiming that he is entitled to judgment for the principal also, Spears seeks a reversal of the judgment.

The note, dated November 12, 1925, was payable to the order of Spears three years after its date. It is secured by a deed of trust on real estate, and recites that it is so se-

cured. This action was commenced August 25, 1927. To justify the bringing of the action at that time, the plaintiff relies upon the following acceleration provision in the deed of trust: "In case of default in any of said payments of principal or interest, according to the tenor and effect of said promissory note * * * the whole of said principal sum hereby secured, and the interest payable thereon to the time of sale, may at once, at the option of the legal holder thereof, become due and payable." There was default in the payment of interest, and Spears "elected to declare the said note due and payable." This is not a foreclosure suit, but an action on the note. Does the provision just quoted accelerate the time of payment for the purpose of this action? That is the only question presented for decision.

A decision rendered by this court in 1901 is decisive of the question. In *Rasmussen v. Levin,* 28 Colo. 448, 65 Pac. 94, a promissory note was secured by two mortgages, and also by a quitclaim deed, which was in effect a mortgage. Suit was brought to foreclose the two mortgages and to foreclose the quitclaim deed as a mortgage. The suit was commenced before the due date specified in the note. Each of the two mortgages contained a provision giving the mortgagee, if default be made in the payment of taxes, the option to declare the principal of the note due and payable, "anything herein or in said note contained to the contrary notwithstanding." There was, of course, no such provision in the quitclaim deed. There was default in the payment of taxes, and the plaintiff declared the principal of the note due and payable. Levin contended that thereupon the note became due for all purposes. We held that while it became due for the purpose of foreclosing the two mortgages, it did not become due for the purpose of foreclosing the quitclaim deed. In the opinion, we cited with approval *White v. Miller,* 52 Minn. 367, 54 N. W. 736, 19 L. R. A. 673; *McClelland v. Bishop,* 42 Ohio St. 113, and *Owings v. McKenzie,* 133 Mo. 323, 33 S. W. 802, 40 L. R. A. 154. Each

of those cases decides that an acceleration provision in a mortgage accelerates the due date of a promissory note only for the purpose of foreclosure proceedings.

Counsel for Spears contend that in the later case of *Parker v. McGinty,* 77 Colo. 458, 239 Pac. 10, we applied a contrary rule. There is no conflict between the decision in that case and the decision in the Rasmussen case. The Parker case was a foreclosure suit. The mortgagor conveyed the property to Parker and Wagner, who assumed the mortgage indebtedness. The mortgage contained a provision for the acceleration of the due date upon failure to pay interest. Such failure occurred, and the principal was declared due and payable. A foreclosure was decreed, and a deficiency judgment was entered against Parker and Wagner, who were defendants in the foreclosure suit, and who were personally liable for the debt. This was in accordance with section 272 of the Code of Civil Procedure, relating to foreclosure suits. In the opinion, we referred to the Rasmussen case, and dismissed it from consideration with the remark that "that case does not decide the question now before us." If Parker and Wagner had been sued on the note independently of a foreclosure proceeding, the action would have been premature, so far as the principal indebtedness is concerned. For the purpose of such an action, the acceleration provision would not have made the principal due and payable.

The judgment is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.