## No. 18,144.

EDWARD O. GEER, MANAGER, ETC. *v.* DONALD F. HALL.

(333 P. [2d] 1040)

Decided January 12, 1959.

Mr. JOHN C. BANKS, City Attorney, Mr. TY R. WILLIAMS, Assistant, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

DEFENDANT in error, to whom we will refer as Hall, made application for the issuance of a "three-way" liquor license. Following a hearing before the Manager of Safety and Excise of the City and County of Denver, the application was denied.

Pursuant to provisions of Rule 106, R.C.P. Colo., Hall instituted proceedings in the district court of Denver in the nature of certiorari. Counsel for plaintiff in error filed a motion in the district court to disqualify the trial judge to whom the cause was assigned. The motion to disqualify was in the following form:

"COMES NOW the respondent, Edward O. Geer, by his attorneys, pursuant to Rule 97 of the Colorado Rules of Civil Procedure, and moves the Trial Judge, the Honorable Edward J. Keating, to whom this case has been assigned for trial, to disqualify himself as the Trial Judge herein, and as grounds therefor, shows unto the Court that the said Judge Edward J. Keating is prejudiced in favor of the petitioner and against this respondent in this and all similar cases.

"Affidavit attached."

This motion was supported by the following affidavit duly subscribed and sworn to:

"TY R. WILLIAMS, of lawful age, having been duly sworn upon his oath, states and avers as follows:

"1. That he is an attorney at law admitted to practice in the State of Colorado, is now and for some time prior hereto, has been one of the assistant city attorneys for the City and County of Denver, and has been assigned to represent the Manager of Safety and Excise in connection with the appeal to the District Court under Rule 106 of the decisions of the Manager of Safety and Excise concerning, and in connection with, applications for retail liquor licenses;

"2. That in the past few weeks, other cases have been assigned for trial to the Honorable Edward J. Keating, one of the Judges of the District Court in and for the City and County of Denver, and that in each of said

cases, said Judge has ruled against the Manager and in favor of the Petitioner;

"3. That in connection with said hearings, the said Honorable Judge Keating has expressed personal opinions, both in chambers and in open Court, to the effect that the handling and administration of liquor licenses in and for the City and County of Denver has been, and is, a rotten, stinking mess and that, in his opinion, the entire matter should be investigated by a grand jury;

"4. That said Judge has also stated in open Court to this Affiant as counsel for the Respondent herein that he, said Judge, intends to reverse the decisions of the Manager in every case where he has the opportunity, and that he will keep this counsel busy appealing his decisions to the Supreme Court until a grand jury or someone else does something to straighten this matter out;

"Further Affiant saith not."

The judge whose disqualification was sought heard the motion and denied it. Notwithstanding that in matters of this kind the review is upon the record made before the licensing authority, the trial judge caused a subpoena to be served upon plaintiff in error commanding his attendance before the district court at the time the case was to be heard upon review.

Plaintiff in error was examined by the trial judge, during the course of which matters wholly unrelated to the issues to be determined were referred to by him in a rather lengthy statement, the general tenor of which was unmistakably critical of the action of the Manager of Safety in granting or denying other applications for liquor licenses, and was far removed from the area involved in the instant case and wholly unrelated thereto. No rule of practice known to this court justifies such action, and it must be, and is, disapproved.

Following this examination of plaintiff in error, conducted by the trial judge, his order as the Manager of

Safety denying Hall's application for a liquor license was vacated and the trial court entered a judgment,

"That the defendant Manager of Safety for the City and County of Denver issue to the plaintiff a license to operate a hotel and restaurant liquor establishment as prayed for in the plaintiff's complaint."

Defendant in error seeks review by writ of error and one of the points relied on for reversal is that the trial judge erred in refusing to disqualify himself. We think the point is well taken. The trial court erred in denying the motion of defendant in error which sought his disqualification. We need say no more.

His disqualification should not necessitate a reversal for a certiorari review at the trial court level. On the identical printed record before the trial court and us, we can determine the propriety of the Manager's decision as well as the trial court can upon remand, and we shall proceed to do so. *Geer v. Stathopulos,* 135 Colo. 146, 309 P. (2d) 606; *MacArthur v. Presto,* 122 Colo. 202, 221 P. (2d) 934. "The question now before us is not as to whether there was any evidence to support the decision of the trial court, but rather whether there was any evidence to support the decision of the licensing authority, or whether he acted arbitrarily and capriciously." *MacArthur v. Presto,* supra.

It is incumbent upon an applicant for a license to make a prima facie showing of facts which satisfy the requisites of the Liquor Code. *Salardino v. County Commissioners,* 138 Colo. 66, 329 P. (2d) 629; *Geer v. Stathopulos,* supra. This burden Hall failed to meet. Without evidence before the Manager making a prima facie case for the issuance of a license, he had but one course to pursue, and that was to deny the application.

The judgment is reversed.

Mr. Chief Justice Holland not participating.