No. 19,102.

Nick Kovacheff, et al. *v.* Victor D. Langhart, et al.

(363 P. [2d] 702)

Decided July 24, 1961.

Mr. NORTON FRICKEY, Mr. E. V. HOLLAND, for plaintiffs in error.

Messrs. RYAN, SAYRE AND MARTIN, Mr. RUPERT M. RYAN, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THE parties appear here in the same order as they appeared in the trial court.

In their complaint plaintiffs alleged that they instructed defendants, who were licensed architects, to prepare plans and specifications and make estimates for the construction of a building the cost of which was not to exceed $110,000.00, and that defendants then represented that they would charge a total consideration of six per cent of construction costs for their services; that thereafter, on August 11, 1958, the parties entered into a written contract in which defendants agreed to perform such services for ten per cent instead of six per cent as originally represented. They further alleged that the estimated cost of the building as planned by the architects was in excess of $150,000; that they paid defendants $2,340.55 as required by the written contract, and that they were entitled to the plans, specifications and estimates for the building; that defendants did not exercise that degree of care and skill required of an architect in the preparation of the plans, specifications and estimates, all to their damage in the sum of $2,340.55 for which they asked judgment. Plaintiffs, in addition to the claim for damages, sought rescission of the written contract between the parties.

Defendants filed their answer in which they admitted the contract; admitted that they prepared the plans and specifications and made the estimate for the building; and that they had received $2,340.55; but denied the

other material allegations of the complaint. They filed a counterclaim in which they alleged that pursuant to the terms of the written contract between the parties, they completed the preliminary studies, and were paid by plaintiffs as in said contract provided; that thereafter they prepared a cost estimate, and upon completion of same they were authorized by plaintiffs to prepare the general working drawings and specifications; that plaintiffs also authorized them to obtain bids upon the work outlined, which was done, and that following the bids, plaintiffs decided to abandon the actual construction. They further alleged full performance by them and sought a judgment for the balance of their fees and expenses under the contract.

Plaintiffs denied all of the material allegations in the defendants' cross complaint.

After the case was set for trial, plaintiffs filed a motion under Rule 97, R.C.P. Colo., to disqualify the trial judge assigned to the case on the grounds: 1. That they had waived their right to a trial by jury on the assumption that another judge to whom the case was originally assigned would conduct the trial. 2. That the trial judge had formed an opinion and could not render a fair and impartial trial because: (a) Plaintiffs' attorney had theretofore been ridiculed and denounced in open court by said trial judge who had a strong dislike for him; (b) during a time when litigation was pending against plaintiffs' attorney and others before the same trial judge, the court invited another attorney, who was apparently involved in the litigation, to his office to review another matter with the possibility of another count being added in said litigation; and (c) that the trial judge was formerly associated in the practice of law with one of the attorneys for the defendant.

Plaintiffs' counsel took no steps to call said motion up for hearing, but on the day the trial was scheduled to begin, the judge whose qualifications to preside were challenged proceeded on his own initiative to dispose of

it. He took the position that the motion, supported by affidavit, was sufficient for him to be fully apprised of all of the reasons why plaintiffs sought to disqualify him, and that nothing could be gained by taking evidence. He then proceeded, in open court before all parties and their attorneys, to comment upon each of the grounds asserted by plaintiffs as disqualifying him, and rejected them. He then denied the motion and insisted that the trial proceed on its merits as scheduled. No motion for a continuance was made, and no showing to establish that any evidence was unavailable to plaintiffs as a result of immediate trial following the ruling on the motion to disqualify the trial judge.

Following presentation of the evidence and of the arguments of counsel, judgment was entered against plaintiffs on their complaint and in favor of defendants on their counterclaim.

Plaintiffs are here on writ of error seeking reversal on the following points: 1. That the judgment was contrary to the evidence, law and facts. 2. That the trial judge erred in refusing to disqualify himself. 3. That the court erred in deciding the motion to disqualify on its own initiative without notice to the parties and proceeding to trial immediately after disposing of the motion. 4. The judgment was given under the influence of passion and prejudice. 5. The court erred in rejecting certain evidence offered by plaintiffs. 6. The court erred in not requiring one of the defendants to produce a certain memorandum made during the negotiations between the parties.

█ During the course of the trial, counsel for plaintiffs introduced in evidence the written contract between the parties which was admitted without objection. The trial court found, and we concur, that the contract is not ambiguous and required no extrinsic evidence for its interpretation. It was executed by the parties subsequent to their original negotiations, and the final agreement between the parties was expressed therein.

It is argued that the court erred in not rescinding the contract between the parties on the grounds that plaintiffs could not read it; had never understood portions of it; and had expressly instructed defendants contrary to the terms of the written instrument.

■ It has been held repeatedly that in the absence of fraud a party cannot say that he did not know the contents of a contract he had executed. *O'Brien, et al. v. Houston, et al.,* 83 Colo. 109, 262 Pac. 1020, and cases there cited.

■ Plaintiffs strongly urge that because they instructed the defendants to prepare plans and specifications for a building which was not to cost in excess of $110,000 and the estimate on the building as planned by defendants substantially exceeded that amount, they were entitled to rescind. It should be noted that all reference to the cost of a building not to exceed $110,000 was made *prior* to the execution of the written contract, it being silent as to such limitation. It does, however, contain the following clause, "When requested to do so the Architect will furnish preliminary estimates on the cost of the work, but he *does not guarantee such estimates.*" The evidence was ample to support the judgment, and nothing appears in the record to indicate that the trial court was influenced by passion or prejudice in its determination of the issues.

Counsel for plaintiffs devote most of their argument to the ruling of the court denying their motion for a change of the trial judge. They strongly contend that upon the filing of the motion to disqualify, all other proceedings should have been suspended, that the court lost jurisdiction of all matters involved, and should have proceeded to call in another judge.

■ They further argue that they should have been given an opportunity to introduce evidence in support of the motion. The motion and supporting affidavit speak for themselves and the only question involved is whether the facts alleged are sufficient to compel the judge to

disqualify himself. The only potent fact stated is that the judge had formed an opinion, hence could not afford plaintiffs a fair and impartial trial. This statement is made on information and belief, and is based chiefly upon a claimed dislike for plaintiffs' attorney and upon inferences drawn from other alleged acts not connected with the present litigation. In this respect the facts differ from *Geer v. Hall,* 138 Colo. 384, 333 P. (2d) 1040, where an affidavit of prejudice disclosed that the judge whose disqualification was sought had stated in open court that he would hold against the respondent there in every case coming before him. We there held that the trial court erred in denying the motion for disqualification. Here, no facts are alleged which would justify, much less compel, the disqualification of the trial court on the ground that a fair and impartial judgment could not be rendered on the facts presented.

Plaintiffs argue that the court was without authority to call the motion up for hearing without notice. The motion was directed against the judge. It was self-explanatory. The parties to the action, as well as their attorneys, were present in response to the trial setting. Trial could not proceed until the motion was disposed of. Notice to the parties could not have afforded the court any better opportunity to rule upon it. We find no abuse of discretion either in the manner in which the court disposed of the motion or in directing that the trial proceed on its merits.

We find no prejudicial error and the judgment of the trial court is affirmed.

Mr. Justice Frantz not participating.