6   71
f126 476

## POOLE v. GERRARD.

To make   valid sale of the homestead requires the joint deed of the husband and wife. Separate deeds of the husband and wife are both invalid.
A wife cannot sue alone to recover the homestead; it is a joint estate, with right of survivorship, and both husband and wife must join in the action.

APPEAL from the Superior Court of the City of San Francisco.

The record shows that Hiram Poole, the husband of the plaintiff, on the 15th Sept., 1853, conveyed the homestead to the defendant for $3,500, by a deed in which his wife did not join, though it was made with her knowledge.   Poole the next day left the country.   The plaintiff, who was residing on the property under the impression that she had no legal rights to the homestead, conveyed her claim thereto to the defendant for $200, by a deed executed and acknowledged as if she were a *feme sole*, Sept. 28th, 1853.   On the 7th of February, 1855, plaintiff brought this action to recover possession of the homestead, and for rents, etc.   The defendant, demurred on the ground that plaintiff's husband should have been joined with her.   Plaintiff amended the complaint by entitling the cause " Helen Poole *by her next friend* H. W. Woodward v. F. Gerrard."

The defendant again demurred upon the same ground; the demurrer was overruled and the defendant filed his answer, and the case was tried.

Poole *v.* Gerrard.

The jury found a verdict for the defendant, under the instructions of the Court that the deed of the plaintiff conveyed all her right, title and interest in the property to the defendant.

Judgment accordingly, motion for new trial denied, and plaintiff appealed.

*J. B. Hart* for Appellant.

The plaintiff has properly brought this action without joining her husband, and by her next friend. By the abandonment of his family by her husband, she became entitled to the exclusive possession of the homestead. Coit *v.* Coit, 6 How., Pr. R. 312; 2 Kent, 156, 157; 6 Pick. R.; 89 : 15 Mass. R., 31; 4 McCord, 148.

The deed of Poole was void, not being executed, as required by law, by himself and wife jointly. The deed of the wife is void for want of power to convey. 13 Ohio R., 116.

*Sidney V. Smith* for Respondent.

The signature of the plaintiff to the deed of Sept. 28th, made as it was with a full knowledge of the execution of the prior deed of her husband, was a sufficient compliance with the Homestead Act. It was a ratification on her part, and that is all the law requires. There is nothing in the section which requires the signature of the wife to the *instrument* signed by the husband; but it provides that no "mortgage, sale, or other alienation, shall be valid without the signature of the wife to the *same*;" that is to the *alienation,* of which the *deed* is but the means of conveyance. What the statute requires is her consent evidenced by her signature, either on the same or a separate instrument. The defect in the certificate of acknowledgment to the deed of the wife, is cured by the admission of the fact that her husband was then out of the country, and that therefore she did execute and acknowledge it "separate and apart from her husband." Moreover the provisions of our statute relative to the execution and acknowledgment of conveyances by married women apply to the *separate* property of the wife only; which this is not claimed to be. Poole is admitted to have left the State and not to have been since heard of. His wife, from the necessity of the case, should be regarded as a *feme sole* so as to permit her to convey property. Rhea *v.* Rhenner, 1 Pet. R., 108. Moreover, the plaintiff voluntarily relinquished possession for a valuable consideration, and cannot complain, as no fraud is pretended. Her ignorance of the law is no excuse.

In the case of Taylor *v.* Hargous the facts were widely different.

The opinion of the Court was delivered by Mr. Justice HEYDEN-FELDT. Mr. Justice TERRY concurred.

The Court below erred in deciding that the deed of the plaintiff conveyed all her interest in the property. In Simpers & Crammer *v.* Sloan, (5 Cal. R.,) at the October Term, 1855, we held "that a *feme covert* has no power to make a contract."

To make a valid sale of the homestead requires the joint deed of husband and wife. The husband must make the contract and the wife must assent to it by an examination separate and apart from her husband. This is the mode pointed out by the statute, and it must be strictly pursued. Cook *v.* McChristian, 4 Cal. R.

It seems therefore in this case, that both the deeds separately executed, of Poole and his wife, are invalid.

On the other hand, the wife has no right to sue alone. In Taylor *v.* Hargous, (4 Cal. R.,) we decided that the homestead was a joint estate in husband and wife, with the right of survivorship. It results from that decision that it is neither common property, which would enable the husband to sue alone, nor is it the separate estate of the wife, in which case only she would be enabled to sue alone.

She should have joined her husband in the action and he would not have been estopped by a void deed.

The Court therefore erred in overruling the demurrer.

The judgment below is right upon this ground, but to prevent any question of pre-adjudication in another suit, it is most proper here to reverse the judgment, and also the order overruling the demurrer, and remand the case with instructions to the Court below to sustain the demurrer.

Ordered accordingly.