## No. 10,804.

### CLAYTON, ET AL. *v.* FIRST NATIONAL BANK OF EATON.

Decided May 5, 1924.

Action to foreclose mortgage. Judgment for plaintiff.

*Affirmed.*

1. NOTICE—*Constructive.* An instrument of record sufficient to excite attention, put one on his guard, and call for inquiry, is notice of everything to which such inquiry would have led.

*Error to the District Court of Weld County, Hon. A. F. Hollenbeck, Judge.*

Mr. WALTER E. BLISS, Mr. E. T. SNYDER, for plaintiffs in error.

Mr. ROBERT G. SMITH, Mr. THOMAS A. NIXON, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE bank, defendant in error, had judgment, after trial to the court, in a suit to foreclose, as a mortgage, an assignment of a contract of purchase and sale of land. Clayton and Murnan, two of the defendants below, bring error.

The contract in question was dated January 2, 1917, and was given by one Eaton, the owner of the land, to three men named Anderson. It provided that it should be void if assigned without his consent. It was assigned to the bank by the Andersons October 16, 1920, in a writing in which, they "do by these presents sell, assign, transfer and set over unto the First National Bank of Eaton, Colorado, *the within contract,* and all interest, rights and equity whatsoever * * * thereunder. * * *

"This assignment is made to secure said bank against any loss by reason of loans and advances made or to be made to us. * * * This security may be foreclosed through court as a real estate mortgage." And after the signatures was the following: "I, Bruce G. Eaton, * * * hereby consent to and approve the foregoing assignment of the within contract to The First National Bank, Eaton, Colorado * * *. (Signed) Bruce G. Eaton."

The assignment contained no description of land or contract other than is in the above. The contract was filed for record without the assignment, Feb. 14, 1921; the assignment without the contract on June 2, 1921; Clayton and Murnan filed a transcript of judgment against the Andersons on April 14, 1922.

The court declined to determine the questions of fact raised in the pleadings, but gave judgment for the plaintiff on the ground that the record was constructive notice to the judgment creditors. This was right. The authorities are not uniform but this state has followed those which hold that an instrument of record sufficient to excite attention, put one on his guard and call for inquiry, is notice of everything to which such inquiry would have led. *Woodruff v. Williams,* 35 Colo. 28, 44, 85 Pac. 90, 5 L. R. A. (N.

S.), 986; *Hendrie Co. v. Coal Co.,* 67 Colo. 350, 354, 184 Pac. 360.

The plaintiffs in error, of course, had full knowledge of the terms of the contract, since it creates the title or interest under which they claim; the assignment is a mortgage of that interest and is, of course, in the line of their title. They are therefore charged with notice of all it contains, if it contains enough to call their attention to the contract or the land in question. We think it does this and more. To ascertain that we must treat them as if they had read the assignment. They would then know that it was an assignment by their own debtors of a contract which gave an interest in real estate, an assignment of which required the consent of Bruce G. Eaton. This accurately describes the contract in question. How can we say they had no notice that that contract was the one assigned?

Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.