No. 19,551.

WILLIAM J. WHATLEY *v.* JOHN V. CUDDY.
(366 P. [2d] 671)

Decided November 13, 1961. Rehearing denied December 18, 1961.

Mr. CLIFFORD W. MILLS, for plaintiff in error.

Messrs. GROVES, DUFFORD, NELSON & SPIECKER, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS is a companion case to *Whatley v. Wood, et al.,* No. 19,609, decided this day. All the facts pertinent to the issues involved here are set forth in the opinion in that case and they will not be repeated. In the trial court there was but one case and defendant in error John V. Cuddy was one of the defendants along with the defendants in error named in case No. 19,609, supra.

As mentioned in No. 19,609, to which reference must be made for an understanding of the facts applicable here, "the lawyer" shortly prior to June 20, 1938, executed a lease for a period of fifty years to one E. H. Mahaffey. The lessee agreed to pay general taxes levied against the property during the term of the lease. Immediately following the execution of the lease, the lessee sublet grazing rights on the property to one Thomas W. Cuddy, a livestockman who was the father of defendant in error John V. Cuddy. The latter acquired by assignment any interest held by his father. Mahaffey, the original lessee, died, and for a consideration paid by John V. Cuddy to the heirs of Mahaffey, their interest in the lease was assigned to him. At all times subsequent to 1939, John V. Cuddy has used the land for summer grazing purposes, claiming under the lease, and has paid all taxes levied against the property.

The trial court upheld the right asserted by Cuddy based upon the several assignments of the lease to him. Judgment was entered on a Motion for Summary Judgment supported by affidavit setting forth generally that Cuddy had no knowledge of any of the pertinent facts appearing in the opinion in case No. 19,609.

In upholding the right claimed by Cuddy, the trial

court found on the record that there was no genuine issue of fact to be tried which was relevant to the controversy arising over Cuddy's claimed interest. From the court's "Conclusions of Law," we quote the following:

"The defendant Cuddy was a bona fide purchaser for value of the aforementioned leasehold interest without knowledge of any defects in the title and he was not chargeable with constructive notice of any defects.

" * * * If................[the lawyer] was in position individually, or had authority, to take title and to execute and deliver such lease (as he may have been but which the Court does not decide), Cuddy's title and right to possession of the leasehold cannot be questioned. If ................[the lawyer] was not in fact in position, nor did he have authority, to take title and execute and deliver the lease, Cuddy was not chargeable with notice thereof."

It is undisputed that neither Cuddy nor his predecessors in interest made any investigation of the title to the real estate described in the lease.

█ We hold that the trial court erred in reaching the conclusion (1) that Cuddy was a bona fide purchaser for value without knowledge, or notice, of defects in title; and (2) that Cuddy was not chargeable with notice of the lack of authority of the grantor of the lease to Mahaffey to execute the same. The original lease to Mahaffey executed without authority to do so contains the statement:

"The said Lessor does not warrant or guarantee title in himself to the said premises, but merely agrees to lease to Mahaffey the said premises under such title as he has acquired."

The opinion of this court in *Clayton, et al. v. First National Bank of Eaton,* 75 Colo. 393, 226 Pac. 141, is authority for the proposition that, " * * * an instrument of record sufficient to excite attention, put one on his guard and call for inquiry, is notice of everything to which such inquiry would have led. * * * " We adhere

to that rule, long established in this state. The provision in the lease above quoted was one "sufficient to excite attention," and an examination of the records in the office of the County Clerk and Recorder would have disclosed the true condition of the title.

When John V. Cuddy in 1942 acquired the questionable "rights" of the lessee from the heirs of Mahaffey, the *lis pendens* and all the instruments, which are specifically enumerated in *Whatley v. Wood, et al.,* supra, showing the invalidity of the lease, were of record, hence he and his predecessors in interest were charged with notice thereof. On the record before it the trial court should have denied the motion for summary judgment. The argument that the action is barred by the statute of limitations is without merit.

The judgment is reversed and the cause remanded with directions to permit defendant Cuddy to present such proof relating to the validity of the lease in question as he may be advised.

Mr. Justice McWilliams not participating.