Mr. Justice Sutton
delivered the opinion of the Court.
This is a companion case to Whatley v. Wood, No. 20588, decided this same day. It is also the second time this phase of the case has been here on writ of error. Whatley v. Cuddy, 148 Colo. 362, 366 P.2d 671 (1961).
The parties appear in the reverse order from their appearance in the trial court where plaintiff in error, John V. Cuddy, was defendant, and defendant in error, William J. Whatley, was plaintiff. We shall refer to them as Cuddy and Whatley.
*563 Whatley originally brought the action to quiet title to certain patented mining property located in Garfield County, Colorado. This is the same land that is the subject matter of the companion case No. 20588, referred to supra. In the original action, Cuddy filed his answer denying plaintiff’s ownership and alleged, in effect, that he (Cuddy) was a bona fide purchaser for value of a leasehold interest in the surface of the property. His motion for a summary judgment was granted for the above reason.
On the first writ of error we reversed the judgment of the trial court in favor of Cuddy because he was held to have been legally put on notice of the state of the title and Whatley’s alleged interest therein due to various recorded instruments; however, in reversing we directed that Cuddy be permitted to present his “proof relating to the validity of the lease in question as he may be advised.”
On re-trial the issue as to the validity of the lease was tried first and the court, after presentation of all the evidence involved in both cases, held Cuddy’s lease to be invalid.
Four questions are raised by Cuddy for our determination on this writ of error. It is necessary, however, for us to determine only one of these, viz:

Can a plaintiff (here Whatley), who is not in possession of real estate, challenge the title of a defendant who is in possession without first establishing in himself a title superior to that under which defendant occupies the land?

This question is answered in the negative. Fastenau v. Engel, 129 Colo. 440, 270 P.2d 1019 (1954); Harrison v. Everett, 135 Colo. 55, 308 P.2d 216 (1957). We have this same day held in No. 20588 that Whatley, as determined by the trial court, has no interest whatever to the land in dispute, and thus he cannot question the validity of Cuddy’s lease.
We note that in the original action, No. 19609, the de *564 fendants in No. 20588 admitted the validity of the lease in question, therefore, in the instant proceeding, since Whatley can have no interest therein, there is now no one involved in these actions who challenges or can challenge Cuddy’s asserted rights. For this reason the judgment is reversed with directions to dismiss the action as to Cuddy.
It is so ordered.
Mr. Justice McWilliams not participating.