Irene P. KNOCHE, Plaintiff-Appellee,

v.

Ruth MORGAN, Defendant-Appellant.

No. 82CA0813.

Colorado Court of Appeals,
Div. I.

March 10, 1983.

Rehearing Denied April ·7, 1983.

Harshman, Deister, Larson & McBee, Douglas E. Larson, Grand Junction, for plaintiff-appellee.

Dufford, Waldeck, Ruland, Wise & Milburn, William H.T. Frey, Grand Junction, for defendant-appellant.

KIRSHBAUM, Judge.

In this action to quiet title and to set aside a deed, defendant, Ruth Morgan, appeals the trial court's summary judgment entered in favor of plaintiff, Irene P. Knoche. We affirm in part and reverse in part.

The following material facts are undisputed. On July 20, 1959, plaintiff and her husband, Richard, purchased the property in question as joint tenants. On August 5, 1965, plaintiff filed a homestead declaration pursuant to the predecessor of § 38–41–202, C.R.S.1973 (1982 Repl.Vol. 16A). On November 21, 1980, Richard Knoche executed a general warranty deed purporting to convey one-half interest in the subject property to defendant, his daughter. On March 5, 1981, Richard died.

In answer to plaintiff's complaint, defendant asserted the affirmative defense of abandonment and filed a counterclaim seeking reimbursement for costs expended for preserving the property. Plaintiff moved for summary judgment on the grounds that the 1980 deed was void. Defendant filed a cross-motion for summary judgment, asserting that the 1980 deed severed the joint tenancy and, therefore, prevented plaintiff from acquiring title to the property as a surviving joint tenant. The trial court granted plaintiff's motion, denied defendant's cross-motion, and dismissed defendant's counterclaim.

Defendant first asserts that material issues of fact remain for resolution and, alternatively, that as a matter of law the 1980 deed severed the joint tenancy between Richard Knoche and plaintiff. We disagree.

■ The undisputed facts here were sufficient to permit the trial court to rule that the 1980 warranty deed was void and of no effect. Section 38–41–202(4), C.R.S.1973 (1982 Repl. Vol. 16A), renders void any attempt by one of two joint tenants of properly homesteaded property to destroy the joint tenancy by unilateral conveyance. *Wise v. Thomas,* 117 Colo. 376, 188 P.2d 444 (1947). The material facts respecting that issue are not disputed. Thus, the trial court properly entered a summary judgment. C.R.C.P. 56; *Abrahamsen v. Mountain States Telephone & Telegraph,* 177 Colo. 422, 494 P.2d 1287 (1972).

■ Defendant alternatively argues that the very existence of the 1980 deed is sufficient evidence of Richard Knoche's intent to dissolve the joint tenancy to demonstrate conclusively that the joint tenancy was severed. In circumstances not involving homesteaded property, the existence of a deed executed by one joint tenant to a third party may be sufficient evidence, if not rebutted, to establish the severance of the joint tenancy. *See, e.g., First National Bank v. Energy Fuels Corp.,* 200 Colo. 540, 618 P.2d 1115 (1980); *Walters v. Webster,* 52 Colo. 549, 123 P. 952 (1912). However, the General Assembly has determined that a deed affecting homesteaded property executed by one of two joint tenants is void. *Wise v. Thomas, supra.* We conclude that the void deed may not be deemed evidence of any intent. Therefore, it may not be utilized to defeat the homestead act's policy of protecting both owners of homesteaded property from disenfranchisement by the unilateral conduct of one joint tenant.

Defendant finally asserts that the trial court erred in dismissing, *sua sponte,* defendant's counterclaim. We agree.

■ Neither party requested the trial court to enter a summary judgment on the counterclaim, and plaintiff neither admitted nor denied the allegations that defendant was entitled to contribution for expenditures made by defendant to preserve the property. Thus, the counterclaims are equitable in nature, and the conclusion that defendant has no legal title to the property need not necessarily defeat her claims for reimbursement for sums allegedly expended to preserve the property. Additional questions of material fact must be resolved with regard to the counterclaims; hence, entry of summary judgment on those claims was improper. *Abrahamsen v. Mountain States Telephone & Telegraph Co., supra.*

The judgment is affirmed insofar as it grants summary judgment to plaintiff, declares the 1980 deed null and void, and quiets title in the property in plaintiff. The judgment dismissing defendant's counterclaim asserted by defendant for reasonable costs of preserving the property is reversed, and the cause is remanded for further proceedings on the counterclaim.

COYTE and STERNBERG, JJ., concur.