**COMMERCIAL FACTORS OF DENVER, a Colorado corporation, Plaintiff-Appellant,**

v.

**CLARKE & WAGGENER, a professional corporation, Defendant-Appellee.**

No. 83CA0510.

Colorado Court of Appeals, Div. III.

April 12, 1984.

Rehearing Denied May 10, 1984.

Certiorari Denied July 9, 1984.

Erickson, Holmes, Nicholls, Kusic & Sussman, John B. Kusic, Michael J. Shidler, Denver, for plaintiff-appellant.

Carpenter & Klatskin, P.C., Willis Carpenter, Janell Kinzie, Denver, for defendant-appellee.

VAN CISE, Judge.

In this declaratory judgment action, plaintiff, Commercial Factors of Denver (Commercial), appeals a judgment declaring that a deed of trust for the benefit of defendant, Clarke & Waggener, P.C. (C & W), is a valid encumbrance on property owned by Commercial. We affirm.

Raynard and Susan Fenster, husband and wife, owned in joint tenancy and occupied a house and lot (the subject property) in northwest Denver. Neither of the Fensters ever recorded any document declaring their homestead rights therein. *See* § 38–41–202(4), C.R.S. (1982 Repl.Vol. 16A). However, it was subject to the automatic homestead exemption provided for in § 38–41–202(1), C.R.S. (1982 Repl.Vol. 16A).

In 1979, two documents, a deed of trust and a note, were prepared for signature of both Fensters. The deed of trust purported to convey all of the subject property to the public trustee to secure a promissory note of the same date, amount not stated, payable with 12% interest to C & W on January 1, 1980. The deed of trust contained a waiver and release of homestead rights. The note was for $10,000. Raynard, but not Susan, signed both documents. The deed of trust was recorded the day after it was signed.

In 1980, the Fensters borrowed $35,000 from Commercial and secured that loan by a deed of trust on the subject property. The Fensters defaulted, Commercial foreclosed, and it acquired the property by public trustee's deed in 1981. Commercial demanded that C & W release its 1979 deed of trust. *See* § 38–35–109(3), C.R.S. (1982 Repl.Vol. 16A). When the demand was refused, this action was commenced.

In its complaint, Commercial sought a declaratory judgment that C & W's deed of trust is void in that (1) it attempts to encumber homesteaded property without being signed by both husband and wife and (2) it is an incomplete instrument because it does not include the amount of the indebtedness secured. It also sought damages and attorney's fees under § 38–35–109(3), C.R.S. (1982 Repl.Vol. 16A) for C & W's having recorded an invalid document purporting to create a lien against the property. C & W claimed that the deed of trust was valid, and counterclaimed for attorney's fees under § 13–17–101, et seq., C.R.S. (1983 Cum.Supp.), for having to defend against frivolous and groundless claims.

After trial, the court made detailed findings and conclusions. It then decreed that the C & W deed of trust is a valid instrument and does encumber the subject property. So holding, it entered judgment for C & W and against Commercial on its claims. Finding that the action was not groundless, it held in favor of Commercial and against C & W on its counterclaim. C & W has not cross-appealed.

I.

Commercial's first contention on appeal is that, since the subject property was homesteaded, the signatures of both Raynard and Susan Fenster were necessary to encumber the property. We disagree.

It is undisputed the subject property was homesteaded solely by operation of the automatic provisions of § 38–41–202(1), C.R.S. (1982 Repl.Vol. 16A). Hence, the issue is whether, under the circumstances, Raynard could encumber his interest in the property so homesteaded without Susan's joining in the encumbrance. We hold that he can.

Section 38–35–118(1), C.R.S. (1982 Repl. Vol. 16A) provides in pertinent part:

*"Except as provided in Section 38–41–202(3),* to convey or encumber homesteaded property, the husband and wife ... shall execute the conveyance or encumbrance." (emphasis added)

However, § 38–41–202(3), C.R.S. (1982 Repl.Vol. 16A) provides:

"Subject to the provisions of subsection (4) of this section, property homesteaded solely by operation of the automatic provisions of subsection (1) of this section *may be conveyed or encumbered by the owner* of the property free and clear of all homestead rights, and no signature other than that of the owner shall be required. The owner of the property shall be determined without regard to the ownership of any homestead rights." (emphasis added)

And, § 38–41–202(4), C.R.S. (1982 Repl.Vol. 16A) provides:

"If the owner of the property (householder) or the spouse of such owner records in the office of the county clerk and recorder of the county where the property is situate an instrument in writing describing such property, setting forth the nature and source of the owner's interest therein, and stating that the owner or the owner's spouse is homesteading such property ... then the signature of both spouses to convey or encumber such property shall be required."

In other words, property homesteaded solely by operation of the automatic provisions of the statute may be conveyed or encumbered upon only the owner's signature unless a written declaration of homestead rights is recorded.

Each of two joint tenants owns an undivided one-half interest in the property as a whole. *First National Bank v. Energy Fuels Corp.*, 200 Colo. 540, 618 P.2d 1115 (1980). A joint tenant cannot alienate, encumber, or transfer the interest of the other joint tenant without her consent, *First National Bank, supra,* but he can convey or encumber the interest that he owns. *See Sanders v. Knapp,* 674 P.2d 385 (Colo.App.1983).

*Wise v. Thomas,* 117 Colo. 376, 188 P.2d 444 (1947), and *Knoche v. Morgan,* 664 P.2d 258 (Colo.App.1983) are inapposite. In both a homestead declaration had been filed or entered on the margin of the record of the deed.

## II.

Commercial's other contention for reversal is that the trial court erred by finding the deed of trust to be valid although it did not contain the dollar amount of the debt it was securing. We find no error.

Based on dictum in *Smith v. Haertel,* 125 Colo. 348, 244 P.2d 377 (1952), Commercial claims that the amount of the debt must have been recited in the deed of trust for it to be valid. However, other Colorado cases have held otherwise. The deed of trust "by reference to the note puts all purchasers on inquiry as to its terms and so they are, in effect, charged with notice of them." *Parker v. McGinty,* 77 Colo. 458, 239 P. 10 (1925). "[A]n instrument of record sufficient to excite attention, put one on his guard and call for inquiry, is notice of everything to which such inquiry would have led." *Clayton v. First National Bank,* 75 Colo. 393, 226 P. 141 (1924). *See also Whatley v. Cuddy,* 148 Colo. 362, 366 P.2d 671 (1961).

Here, the recorded deed of trust disclosed that it was securing a promissory note payable to C & W. Commercial could have discovered the details of the indebtedness upon inquiry. The deed of trust was properly found to be valid.

Judgment affirmed.

STERNBERG and METZGER, JJ., concur.