Beck, J.
Is the writing upon the note on which suit is brought a guaranty or an indorsement? The words “pay to the order of Jos. Richardson, demand and notice waived,” is the language of an indorsement upon which the law raises a contract, the terms of which are well understood. If the instrument contained no other words, there of course would be no difficulty in determining its true character. On the other hand, if these words were omitted and the other words, “payment guaranteed by me,” only appeared, there would be no difficulty in declaring the writing to be a contract of guaranty. It, in truth, possesses a double character; it contains the elements of both an indorsement and guaranty. In this view it may, in fact, be regarded as an instrument containing two contracts— a contract of guaranty and an indorsement. It would be admissible for the payee, after indorsing a note in proper form, to write a guaranty upon it, thus making, and separately signing, the two contracts. In such a case the proper party could elect upon which to hold him liable. These propositions are plain and undisputed. Can there be any doubt that the payee may as well unite the two contracts in one writing and sign both together ? Undoubtedly this may be done. In that case is it not equally plain that the proper party may elect upon which of the con *558 tracts the payee may be charged? It certainly appears that the fact that the two contracts are embodied in one writing cannot change the rights or remedies of the holder of the paper.
In a double contract of this kind, or in one intended to be double, the fact that one of the contracts for any reason is invalid will not defeat the other. They will be regarded as .separate instruments, and an infirmity attaching to one will not affect the valid contract. If the contracts be distinct and separate, one in no way dependent on the other and embodied in several writings, one may be void for any reason and the other valid. Now, if they be equally separate and distinct, but written in the same instrument, the same principles must be applied to them, and the valid instrument will be upheld without regard to the one that is void.
In this case the defendant is charged upon the contract of indorsement. In form it is absolute, dispensing with the usual demand and notice of non-payment. It belongs to a class of indorsements*known to the law. Story on Prom. Notes, §§ 138, 111, 118. The waiver of demand and notice therein contained does not deprive it of the character of an indorsement. It is proper to introduce terms of that kind into the instrument and thus enlarge the responsibility of the indorser. It is, however, none the less an indorsement, and it must be so regarded, in considering the question whether it ought to be stamped, as such an instrument. It is not claimed that a general and unconditional indorsement of a note or bill is a contract, which, under the law of the United States, must be stamped. "We do not know that it has ever been so held. It is very plain that an indorsement of the form of the one under consideration, which is called an absolute indorsement (Story on Prom. Notes, §§ 138, 118), must be regarded, under the stamp law, in the same light as a general indorsement. An indorsement is a contract springing out of and pertaining *559 to the note or bill. The law fixes its terms when it is general. When it is absolute these terms are dispensed with by the stipulation of the parties, but it does not become an independent contract; it pertains to the note upon which it is written. It is, therefore, as a general indorsement, not within the provisions of the stamp act. This rule is recognized by the supreme court of California. Pacific Bank v. Dero, Am. Law Reg., May, 1870, p. 327.
We are aware that many cases hold that when the payee writes upon a note words of guaranty, he is not considered as an indorser, but the contract is construed to be a guaranty. In these cases, however, words of indorsement were not used, and it does not appear that the payee intended, as in the case of the indorsement under consideration, to bind himself as indorser. See Story on Prom. Notes, § 480 and notes, and 2 Pars, on Rills and Notes, 117, 139, and notes. In some of the cases, as Hance v. Miller, 21 Ill. 636, words of assignment are used, but it may well be doubted whether in these cases it could be fairly inferred that the payee intended to bind himself as an indorser. At all events, even should these authorities be in conflict with our views as above expressed, we are satisfied our conclusion is supported by reason, and results in enforcing the instrument sued on, according to its legal effect as implied upon its face, and as understood by the parties thereto.
Another view is not unsupported by principle and reason. The writing in question has both words of guaranty and words of indorsement. The words therein considered separately will support a contract of either character. It is left to the option of the holder of the note to determine whether the defendant shall be held as an indorser. To this he cannot object, as the instrument which binds him is capable of being construed as an indorsement. He cannot deny its legal effect. It is to be presumed that he designed it should be interpreted in accordance there *560 with. If it be treated as an indorsement a stamp is not necessary to its validity.
The demurrer of plaintiff to defendant’s answer, setting np the want of a stamp as a defense, should have been sustained. The other points raised in the case need not be considered.
Reversed.