THE EQUITABLE TRUST COMPANY OF NEW YORK, Appellant, *vs.* C. B. HARGER, Appellee.

*Opinion filed June 18, 1913.*

1. BILLS AND NOTES—*fact of negotiability must appear from instrument itself.* Whether a written instrument is negotiable must be determined from the writing itself, as its negotiability cannot depend upon extrinsic facts.

2. SAME—*essentials of a negotiable instrument.* A negotiable instrument must contain an unconditional acknowledgment of indebtedness or promise to pay, the amount and the person to whom it is to be paid must be certain, and it must appear from the face of the instrument to whom it is payable, and if resort to extrinsic evidence is necessary the instrument is not negotiable.

3. SAME—*what is not a negotiable instrument.* An instrument in the form of a letter addressed to a named person as general agent of an insurance company, acknowledging the receipt of certain insurance policies, authorizing the placing of the policies in force and promising to pay the balance of the first premium in fixed installments at certain dates, and signed, "Very truly yours, C. B. Harger," is not a negotiable instrument which may be transferred by the indorsement of the general agent, so as to enable the assignee to maintain suit in its own name.

APPEAL from the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. ISADORE H. HIMES, Judge, presiding.

PERCIVAL STEELE, (HARVEY L. CAVENDER, and WILLIAM E. KAISER, of counsel,) for appellant.

FREDERICK MAINS, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal brings before us the record of the Appellate Court, which affirmed a judgment of the municipal court of Chicago in favor of the defendant in an action based upon the following instrument:

"CHICAGO, ILL., *Dec. 15, 1902.*
"MR. ARCHIBALD C. HAYNES, *Gen. Agent Equitable Life
Assurance Society, No. 25 Broad St., N. Y.*

"DEAR SIR—I hereby acknowledge having received from Mr. F. F. McIver policy Nos. 1168206, 1168204 and 1168208, being for $20,000 on my life, in the Equitable Life Assurance Society. You are authorized and requested to place the said policy in force from this date, and I promise to pay the balance of the first premium, amounting to $800, as follows: Jan. 15, 1903, $100; Feb. 15, 1903, $100; March 15, 1903, $100; Apr. 15, 1903, $100; May 15, 1903, $100; June 15, 1903, $100; July 15, 1903, $100; Aug. 15, 1903, $100;—$800.

Very truly yours, C. B. HARGER."

The instrument was indorsed as follows: "Archibald C. Haynes, Gen'l Agt., by Ralph C. Haynes, Att'y."

The cause was tried by the court without a jury, and the plaintiff requested the court to hold as a proposition of law that the instrument was negotiable and assignable by indorsement, so as to enable the assignee to maintain a suit upon it in his own name. This proposition was refused.

Sections 3, 4 and 5 of chapter 98 of Hurd's Statutes declare that all instruments of writing whereby any person promises or agrees to pay any sum of money, or acknowledges any sum of money to be due to any other person,

shall be taken to be due and payable as therein expressed and shall be assignable by indorsement thereon in the same manner as bills of exchange, so as absolutely to vest the property in the assignee and enable him to institute and maintain the same kind of action on such instruments as might have been maintained by the payee.

Whether a written instrument is negotiable must be determined from the writing itself. Its negotiability cannot depend upon extrinsic facts. A negotiable instrument must contain an unconditional acknowledgment of indebtedness or promise to pay, and the amount and the person to whom it is to be paid must be certain. If it is necessary to resort to extrinsic evidence to fix the amount the instrument is not negotiable. (*Smith* v. *Myers,* 207 Ill. 126.) So, also, if it does not appear from the face of the paper to whom it is payable. *Mayo* v. *Chenoweth,* Breese, 200; *Walters* v. *Short,* 5 Gilm. 252.

The instrument in question acknowledges the receipt of the policies and promises to pay the premium. The appellant insists that the promise is to pay Haynes individually, and it introduced evidence in chief to show that Haynes had paid the premium. But the instrument itself contains no evidence either that Haynes had paid the premium or had agreed or was expected to. If he had not paid or agreed to pay the premium, then appellee's promise could refer only to a payment to the insurance company. In fact, it was only to the insurance company that he could owe a premium, for if the premium had been paid by Haynes the indebtedness thereafter was only a loan of that amount of money. The writing is merely a letter in regard to the extension of time of payment of the premiums upon these three policies. If the writer supposed that these premiums had been paid by Haynes and that the writer was acknowledging and promising to pay to the latter a personal debt for a loan of money, the letter contains no evidence of it. Apparently his business was with the Equitable Life As-

surance Society. His communication was addressed in a manner usual in correspondence with such a corporation, and it is not to be supposed that he believed he was making a proposal or executing an instrument by which he would incur any liability to a third party. There was no promise to pay Haynes, and the trial court properly held that the appellant could not maintain the action.

*Judgment affirmed.*