No. 9514.

GILLETT *v*. FLORA.

1. ASSIGNMENT WITHOUT RECOURSE—*Effect.* A mortgage was assigned "with the notes therein described, without recourse in any event." *Held* that though the defendant had previously endorsed the notes, the endorsement and assignment being parts of one transaction, though of different dates, were to be construed together.

2. CONTRACTS—*Construction.* Writings of different date but parts of one transaction are to be taken together.

Retaining the notes of the third party after agreeing to their applica-
tion as payment amounts to an acceptance of them, as such,
and to an acceptance of the parol agreement to apply them
upon the debt.*

*Syllabus by Denison, J.

*Error to Sedgwick District Court, Hon. H. P. Burke, Judge.*

*Department Two.*

Mr. MYRON L. LEARNED, Mr. GEORGE F. DUNKLEE and
Mr. EDWARD V. DUNKLEE, for plaintiff in error.

Messrs. MUNSON & MUNSON, for defendant in error.

Mr. Justice Denison delivered the opinion of the court.

THIS was a suit by Flora against Gillett, charging him
as endorser of a promissory note. Plaintiff had judgment
and defendant brings error.

The note was secured by mortgage, which was purchased
together with the note, and was assigned to Flora by Gil-
lett. By the terms of the assignment the mortgage was
transferred "together with the notes or obligations therein
described without recourse or in any event or for any
cause." The assignment and indorsement, being parts of
one transaction, are one contract and therefore the indorse-
ment is a qualified one, and the defendant was a mere
assignor, not liable as endorser. G. S. 1908, § 4501. *Davis
v. Brown*, 94 U. S. 423, 427, 24 L. Ed. 204; *Munro v. King*,
3 Colo. 238, 240.

The plaintiff claims that the assignment of the mortgage
was made on the day after the indorsement, and so was not
contemporaneous therewith, and that therefore the two are
not to be construed as one contract. The exact time is not
material. The vital question is whether they were parts
of one transaction. On this point plaintiff's own testi-
money defeats him. He says that at the time he made the
deal with Gillett he was to receive the note and mortgage,
that he did receive them and recorded the assignment. He
says further: "I had been in the habit of getting those"

(meaning assignments of mortgages) "when I transferred and got a mortgage, but they didn't bring it up at the time they brought the mortgage and I asked for it and they brought it later." So it appears that he bought the note and mortgage together, that the sellers delivered the mortgage without an assignment, that according to his custom he asked for the assignment and got it. This makes one transaction. Moreover the assignment itself purports to assign the note as one transaction with the assignment of the mortgage.

Plaintiff claims that when he received the assignment he did not read it, but recorded it without reading and did not know of the clause in question till the defendant pleaded it. He cannot be heard to say that he did not read the assignment or know what it contained. *Jaeger v. Whitsett,* 3 Colo. 105; *Upton v. Tribilcock,* 91 U. S. 45, 50, 23 L. Ed. 203.

The judgment should be reversed with directions to dismiss the case.

Bailey, J. and Scott, J. concur.