GEORGE LE VAY AND ELIZABETH LE VAY, PLAINTIFFS, v. BINGAMAN MOTOR EXPRESS COMPANY (A PENN-SYLVANIA CORPORATION), DEFENDANT.

FRANK E. TROTT, PLAINTIFF, v. BINGAMAN MOTOR EX-PRESS COMPANY (A PENNSYLVANIA CORPORATION), DEFENDANT.

Submitted October 18, 1930—Decided April 8, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rules, *McCarter & English* (*Gerald M. F. Mc-Laughlin*, of counsel).

*Contra, Francis A. Gordon.*

PER CURIAM.·

The jury rendered a verdict for George Le Vay for $500, for Elizabeth Le Vay $1,500, and for Frank E. Trott $5,125 in these suits, arising out of the same accident, which were tried together and have been argued here together. The defendant obtained these rules to show cause why the verdicts should not be set aside.

Two questions only were argued: (1) that the verdicts are against the weight of the evidence, and (2) that the verdicts are excessive.

At the trial the evidence reasonably tended to show (if the jury saw fit to believe the evidence upon the part of the

plaintiffs, as they seem to have done) that the plaintiff Frank Trott was driving a Ford automobile along the Lincoln highway from New Brunswick to Linden, and that Le Vay and his wife and others were riding with him, on the afternoon of January 15th, 1927. It was snowing hard when the accident happened. Trott was driving slowly when he saw the defendant's Mack truck coming up the center of the road, about fifty feet away. He had not seen it farther away because it was snowing so hard. The windshield of the truck was entirely covered with snow; the windshield of the Ford car was kept reasonably clear by the wiper. Immediately before the accident the truck veered toward Trott, who was well over on his right side of the road. Perceiving this, Trott moved his car still farther over to the right with two wheels off the concrete. Notwithstanding this precaution the truck hit the left side of the body of the Ford car and turned it completely around, and struck it again in the back. Three witnesses so testified.

We have examined the testimony produced by the defendant to the effect that, while Trott at first was on his proper side of the road, his car skidded from its side to the other side of the road and hit defendant's truck in the rear. But that evidence has not persuaded us that the verdicts are against the weight of the evidence. In this connection we notice that even the defendant's evidence is to the effect that the Trott car was "swiped" on the left-hand side.

We have examined with care the evidence with respect to damages.

We think the verdict for $500 in favor of George Le Vay and that in favor of Elizabeth Le Vay for $1,500 are amply supported by evidence. Hence the rule in respect to them will be discharged, with costs.

We think, however, that the verdict in favor of Frank E. Trott for $5,125 is plainly in excess of the amount warranted by the evidence. If Trott will consent to a reduction of the verdict to $4,000 he may enter judgment for that amount; otherwise the rule to show cause will be made absolute.