STANDARD OIL COMPANY (Indiana), appellee, v. JOINT BOARD OF SUPERVISORS OF HARRISON AND MONONA COUNTIES, appellant.

No. 49582.

(Reported in 94 N.W.2d 312)

JANUARY 13, 1959.

REHEARING DENIED JUNE 12, 1959.

Michael Murray, of Logan, and John D. Beardsley and Sewell E. Allen, both of Onawa, for appellant.

Parrish, Guthrie, Colflesh & O'Brien, of Des Moines, and Carl V. Burbridge, of Logan, for appellee.

954

OLIVER, J.—This is an action at law, commenced in district court under sections 455.92 to 455.104, Code of Iowa 1954 (1958), as an appeal by plaintiff, Standard Oil Company (Indiana), a pipe-line company, from an award made by defendant, The Joint Board of Supervisors of Harrison and Monona Counties, Iowa, sitting as the governing board of Little Sioux Intercounty Drainage District of Harrison and Monona Counties. This award, in the amount of $10,526.81, which plaintiff alleged was inadequate, was for compensation for the expense of relocating its pipe line, made necessary by changes made by the district in the channel of the Little Sioux River which was, at that place, moved about one thousand feet to the north.

In addition to denying certain allegations of the petition, defendant's answer alleged:

"That defendant states that the allowance of compensation of $10,526.81 was made mistakenly and erroneously as the defendant at that time did not know that the plaintiff on March 6, 1941, made application to the Board of Trustees of the Monona-Harrison Drainage District for right and privilege to construct said pipe line across and under the Little Sioux River and the Monona-Harrison Drainage Ditch, agreeing that it would be liable for any future changes in the location of said pipe line made necessary to conform with any future changes of the channel; and that based upon said application the right and privilege to construct said pipe line was granted by the Board of Trustees of the Monona-Harrison Drainage District; that copies of said application and resolution are attached hereto, marked 'Exhibit A' and 'Exhibit B' and made a part of this Answer.

"That on the 5th day of February, 1957, the defendant duly passed a Resolution cancelling, annulling and setting aside the said allowance of $10,526.81 for the reasons above stated. * * *

"That by reason of the facts recited herein the defendant is not obligated to the plaintiff in any sum whatsoever arising out of the rearranging and relocation of plaintiff's pipe line across the Little Sioux River as described in the plaintiff's Petition."

Later, defendant amended its Answer by adding thereto:

"That on May 29, 1941, plaintiff presented to the Board of Trustees of the Monona-Harrison Drainage District a petition

to amend the original permit to it dated March 6, 1941, above referred to and set out as 'Exhibit B', stating therein that in event said Board of Trustees should find it necessary to change the location of the Little Sioux River in order to provide better outlet and in the interest of public safety, usefulness and utility of said drainage project it would make such changes as might be necessary to its pipe-line crossing thereof without expense to said Board. That a copy of said petition is attached hereto marked 'Exhibit D' and made a part of this Answer.

"That on May 29, 1941, the Board of Trustees of the Monona-Harrison Drainage District adopted a resolution approving the request set out in 'Exhibit D'. That a copy of said resolution is attached hereto, marked 'Exhibit E', and made a part hereof.

"That the Little Sioux River is a part of the drainage system of the Monona-Harrison District. That the Board of Trustees of the Monona-Harrison Drainage District have from time to time cleaned out, straightened, built levees and done other work on the Little Sioux River attempting to increase the drainage efficiency of that River; that these attempts covering a period of approximately fifty years were insufficient to properly drain the lands in the Monona-Harrison Drainage District and give adequate flood protection.

"That the Little Sioux Intercounty Drainage District was established June 23, 1955, for the purpose of cooperating with the United States Government in the adoption of 'Plan O' of the United States Corps of Engineers, which plan it had been determined would adequately solve the drainage and flood problems of this area. That the Little Sioux Intercounty Drainage District covers and includes all of the lands in the Monona-Harrison Drainage District; and in the adoption of 'Plan O' said District has assumed jurisdiction over the Little Sioux River, and the improvement contemplated by 'Plan O' is now in the process of construction. That such construction has necessitated changing the location of the Little Sioux River, and it has caused the plaintiff to make changes in its pipe-line crossing of said River.

"That the Little Sioux Intercounty Drainage District is a successor to the Monona-Harrison Drainage District as to juris-

956

diction for drainage and flood control involved in the Little Sioux River, and the prior obligations and commitments of the plaintiff to the Board of Trustees of the Monona-Harrison Drainage District regarding its pipe-line crossing of the Little Sioux River inure to the benefit of the Little Sioux Intercounty Drainage District."

Exhibits A, B, D and E, attached to the Answer and Amendment to Answer, are as follows:

"Exhibit A.

"To the Honorable Board of Trustees of the Monona-Harrison Drainage District No. 1 of Monona and Harrison County, Iowa.

"PETITION FOR PERMIT TO CROSS MONONA-HARRISON DRAINAGE DISTRICT AND LITTLE SIOUX RIVER WITH A PIPELINE

"Your petitioner, Standard Oil Company, an Indiana Corporation, respectfully represents and shows to your Honorable Board that it is a corporation duly organized and existing under the laws of the State of Iowa; that it has a temporary permit from the State Commerce Commission to construct a six-inch pipe line across and under the main canal or ditch of the Monona-Harrison Drainage District at a point in the SW quarter of the SE quarter of Section 11-82-45 in Harrison County and also to cross and go under the Little Sioux River at a point in the SE quarter of Section 23-81-45 in Harrison County, for the purpose of pumping and transporting crude oil, gas and/or the products of crude oil; and that in constructing, operating and maintaining said pipe line for the aforesaid purposes, your petitioner proposes to construct a line three feet below the original grade of said main canal in the Monona-Harrison Drainage District at said described point.

"That your petitioner covenants and agrees as a condition in obtaining a permit from your Board to make such pipe-line crossing of said main canal of the Monona-Harrison Drainage District and across the Little Sioux River that the Standard Oil Company of Indiana, its successors, grantees and assigns, and legal representatives will compensate your Board for any and all damages that may be occasioned by reason of the

construction of said pipe line across and under said ditch and river within a reasonable time after such construction is completed, and that the said Standard Oil Company will pay any and all liability that may hereinafter accrue against the trustees of the Monona-Harrison Drainage District by reason of the construction of said pipe line across and under said ditch and river; and that said Standard Oil Company will pay any and all damages that may be incurred hereafter by reason of repairs or maintenance work that may be performed on said pipe line; and that said Standard Oil Company will make such future changes in the location of its said crossing of said ditch as may be necessary to conform with any future changes of the channel of said ditch as the same may be determined by the Trustees of said drainage district.

"WHEREFORE, your petitioner requests your Honorable Board to grant to your petitioner, its successors, grantees and assigns, the right and privilege at any time to lay, construct and maintain said pipe line across and under said canal of the Monona-Harrison Drainage District and Little Sioux River as more particularly set forth hereinabove for the uses and purposes as herein set out.

"Dated this 6th day of March, 1941.

"STANDARD OIL COMPANY (INDIANA)
By (s) R. M. Radenberger, Agent."

"Exhibit B.

"RESOLUTION

"BEFORE THE BOARD OF TRUSTEES OF THE MONONA-HARRISON DRAINAGE DISTRICT OF MONONA AND HARRISON COUNTIES, IOWA.

"In the Matter of the Petition of the Standard Oil Company for a permit to cross the Monona-Harrison Ditch with a pipe line.

"Now, on this 6th day of March, 1941, at a regular meeting of the Board of Trustees of the Monona-Harrison Drainage District No. 1, comes the Standard Oil Company, an Indiana Corporation, and presents its petition praying for an order granting to it, its successors, grantees, and assigns, the right and

privilege to lay, construct, maintain and operate below the main canal of the Monona-Harrison Drainage District at a point in the SW quarter of the SE quarter of Section 11-81-45 in Harrison County and also to cross and go under the Little Sioux River at a point in the SW quarter of Section 24-81-45 in Harrison County, a pipe line for carrying and transporting crude oil, gas and/or the products of crude oil across said main canal or ditch and said Sioux River; and said board of trustees having examined and considered said petition hereby finds that the granting of said right and privilege will not impair the safety, usefulness or public utility of said main canal or ditch of the Monona-Harrison Drainage Ditch or Little Sioux River.

"IT IS THEREFORE HEREBY RESOLVED that said petition be granted and that said Standard Oil Company and/or its successors, grantees and assigns, be and is hereby given and granted the right and privilege, which may be exercised at any time hereinafter, of laying, constructing, maintaining and operating under said main canal or ditch of the Monona-Harrison Drainage District and said Little Sioux at the locations more particularly described in said petition, a six-inch pipe line for the purpose of carrying and transporting crude oil, gas and/or the products of crude oil subject however to the following conditions:

"(1) That the Standard Oil Company of Indiana, its successors, grantees and assigns, and legal representatives will compensate the Board for any and all damages that may be occasioned by reason of the construction of said pipe line across and under said ditch and river within a reasonable time after such construction is completed.

"(2) That said Standard Oil Company will pay any and all liability that may hereinafter accrue against the trustees of the Monona-Harrison Drainage District by reason of the construction of said pipe line across and under said ditch and river.

"(3) That said Standard Oil Company will pay any and all damages that may be incurred hereafter by reason of repairs or maintenance work that may be performed on said pipe line.

"(4) That said Standard Oil Company will make such future changes in the location of its said crossing of said ditch

as may be necessary to conform with any future changes of the channel of said ditch as the same may be determined by the Trustees of the Monona-Harrison Drainage District."

"Exhibit D.

"PETITION FOR AMENDMENT TO PERMIT TO CROSS MONONA-HARRISON DRAINAGE DISTRICT AND LITTLE SIOUX RIVER WITH A PIPE LINE.

"Your petitioner, Standard Oil Company, an Indiana Corporation, respectfully represents and shows to your Honorable Board that it is a corporation duly organized and existing under the laws of the State of Iowa; that it was granted a permit by this Board on March 6, 1941, to construct and maintain a six-inch pipe line across and under the main canal or ditch of the Monona-Harrison Drainage District and the Little Sioux River at points described in the application of this company on file with your Board and presented to your Board in connection with obtaining said permit on March 6, 1941.

"That WHEREAS, it has become necessary as an engineering proposition for the crossing of said main canal or ditch with said pipe line to erect an overhead structure or bridge across said main canal rather than to effect a crossing underneath said main canal with said pipe line.

"And WHEREAS, if this Board will amend its original permit to this company which was dated March 6, 1941, and which was made a matter of record in Drainage Record 10 in the office of the County Auditor of Monona County, Iowa, for crossing said main canal with said pipe line, so that said company may make an overhead crossing of said main canal at the point described in said original permit, and will permit this company to make such overhead crossing of said main canal or ditch, this company, its successors, grantees, assigns and legal representatives, agrees as a condition for such amendment to said permit to compensate said Board for any and all damages in the same manner as set out in the original application of this company herein referred to, and further agrees to compensate said Board or its legal successors for any and all damages that may be occasioned through the construction of said overhead crossing of

said ditch with said pipe line by making it necessary for said Board of Trustees to move any machinery or ditching equipment around the ends of said overhead structure, and any damage for making new approaches for any of such machines or ditching equipment on or along said main canal, and any and all damages that may be occasioned to said Board or any liability that may be incurred by them on the part of the adjacent landowners or the general public by reason of having to move machinery or drainage equipment around the ends of said overhead structure and across or into the lands of other persons to reach the other side of said structure. Said company further agrees that in the event said Board of Trustees shall find it necessary at any time to change the location of said ditch or River in order to provide better outlet and in the interest of public safety, usefulness [and interest] and utility of said drainage project, said company will make such changes as may be necessary to its pipe-line crossing thereof without expense to said Board. Said company also agrees to pay any and all damages that may be incurred by said Board by reason of repairs or maintenance work that may be incurred by said Board by reason of repairs or maintenance work that may be performed on said pipe line.

"Dated this 29th day of May, 1941.

"STANDARD OIL COMPANY (INDIANA)
By R. M. Radenberger Agent."

"Exhibit E.

"RESOLUTION

"BEFORE THE BOARD OF TRUSTEES OF THE MONONA-HARRISON DRAINAGE DISTRICT OF MONONA AND HARRISON· COUNTIES, IOWA.

"In the Matter of the Petition of the Standard Oil Company for an Amendment to Permit to Cross the Monona-Harrison Ditch with a Pipe line.

"Now, on this 29th day of May, 1941 at a special meeting of the Board of Trustees of the Monona-Harrison Drainage District No. 1 comes the Standard Oil Co., an Indiana corporation, and presents its petition for an amendment to a permit heretofore

granted this company by this Board on March 6, 1941, asking that said permit granting to said company the right to cross underneath said main canal or ditch of the Monona-Harrison Drainage District and the Little Sioux River with a six-inch pipe line be amended so that said crossing of said main canal shall be overhead and by a bridge across the said main canal, at the same points as set out in said original permit and subject to the same condition as imposed in said original permit. And this Board of Trustees having examined and considered said petition for said amended permit hereby finds that the granting of said amended permit to cross over said main canal will not impair the safety, usefulness or public utility of said main canal of the Monona-Harrison Drainage District.

"IT IS THEREFORE HEREBY RESOLVED that said petition for amendment to said permit be granted to said Standard Oil Co. of Indiana, its successors, grantees and assigns and that said company shall have the right and privilege which may be exercised at any time hereinafter, of laying, constructing, maintaining and operating over said main canal or ditch of said Monona-Harrison Drainage District, and under said Little Sioux River as originally granted, at the location described in said original petition, said six-inch pipe line for the purpose of carrying and transporting crude oil, gas and/or the products of crude oil, subject to all of the conditions and restrictions imposed in the original permit to said company dated March 6, 1941, and in addition to the further condition that said company, its successors, grantees and assigns, shall pay for any and all damages that may be incurred by said Board by reason of having to move any machinery or ditching equipment around the ends of said overhead structure, and any damage for making new approaches for any of such machines or ditching equipment on or along said main canal, and any and all damages that may be occasioned to said Board or any liability that may be incurred by them on the part of adjacent landowners or the general public by reason of having to move machinery or drainage equipment around the ends of said overhead structure and across or into the lands of other persons to reach the other side of said structure, and to hold said Board harmless from any and

all liability by reason of such construction and maintenance of said pipe-line crossing."

In its Reply plaintiff denied its applications to, and the resolutions of, the trustees of the drainage district constituted a grant, permit or agreement between the parties to this action, and alleged it secured permits to extend its pipe line across the public streams and highways of Harrison County from the Iowa State Commerce Commission and purchased rights of way for such pipe lines from property owners and, "that the trustees of Monona-Harrison Drainage District were without any power or authority to impose conditions upon the crossing of the Monona-Harrison Drainage Ditch and the Little Sioux River by the plaintiff with its pipe line", that such conditions would constitute a burden upon interstate commerce in violation of the third paragraph of section 8 of Article I of the Constitution of the United States and that to deprive plaintiff of compensation for the relocation of its pipe line across the Little Sioux River would violate section 1 of Amendment 14 of the Constitution of the United States.

Trial to the court resulted in judgment for plaintiff. The decision of the trial court listed as the findings of fact, four statements, in substance, as follows:

That the parts of the pipe line across public waters and streams were constructed under permit from the Iowa State Commerce Commission.

That such construction did not impair the safety or utility of the Little Sioux River or Monona-Harrison Drainage Ditch.

"That the resolutions of the Board of Trustees of the Monona-Harrison Drainage District adopted March 6 and May 29, 1941, did not in their terms impose upon the plaintiff an obligation to pay for moving its pipe line in the event of a relocation of the Little Sioux River, as was here done."

That the stipulated cost of relocating the pipe line was $15,739.72, which was property of plaintiff, taken by defendants, for which plaintiff should be compensated.

Based upon these were two conclusions of law, to wit:

That the Iowa State Commerce Commission alone has the power to grant permits across public waters or streams, etc., and that: "The Trustees of the Monona-Harrison Drainage Dis-

trict were without authority or power to impose upon plaintiff the conditions for which the defendants now contend."

It was therefore ordered that the clerk of Harrison District Court, "certify to the Joint Boards of Supervisors of Harrison and Monona Counties, Iowa, sitting as the Governing Board of Little Sioux Intercounty Drainage District of Harrison and Monona Counties, Iowa, an award of compensation to the plaintiff in the sum of $15,739.72, in accordance with section 455.103, Code 1954." Defendant has appealed.

I. In this case the issue is whether the drainage district should bear the expense of moving plaintiff's pipe line at the Little Sioux River crossing. The main theory upon which was based the decision against the drainage district was thus stated in the second conclusion of law of the trial court: "The Trustees of the Monona-Harrison Drainage District were without authority or power to impose upon plaintiff the conditions for which the defendants now contend."

This theory need not be considered, because it is not applicable under the record in this case. Although the statement, the district did "impose upon plaintiff the conditions", may be technically correct, it does not properly depict the situation here. The conditions in question were actually only those voluntarily offered by appellee and accepted by the trustees of the drainage district.

Chapter 490, Code of Iowa, 1958, contains the general statutes governing pipe lines. The record shows that on February 24, 1941, appellee filed with Iowa State Commerce Commission its petition for extension of its Permit No. 125, to permit it to construct, operate and maintain pipe lines across the western part of Iowa. The hearing upon this petition was set for March 25, 1941. Official notice was given February 26, 1941, and notice was published March 6 and 13, 1941, in a local newspaper. Thereafter, on March 28, 1941, the Commerce Commission made an order that Temporary Permit 77 be issued on extension of Permanent Permit 125. Later, March 21, 1942, the commission issued to appellee Permanent Permit No. 160.

However, appellee did not limit itself to this petition. It made application also to the Board of Trustees of Monona-Harrison Drainage District No. 1, for a permit to cross the

drainage district and Little Sioux River with a pipe line. This application, set out herein as Exhibit A, was made March 6, 1941, a few days after appellee had filed with the Commerce Commission its petition for a permit to extend its pipe line across this area, but before the hearing upon appellee's application to the Commerce Commission, which was set for hearing March 25, 1941. The application to the drainage district was granted March 6, 1941. In view of appellee's contention that the trustees of the drainage district were without power or authority to impose conditions upon the crossing of the drainage district and the river by appellee's pipe lines, appellee's reasons for applying to the trustees for a permit subject to such conditions are a proper subject for consideration. Appellee does not contend the application was induced by fraud, duress or improper conduct of anyone or that there was any mistake or misunderstanding connected with it. Appellee states:

"The record is silent as to the reasons which prompted the plaintiff-appellee to make application to the Monona-Harrison Trustees to cross under the Little Sioux River and under and over the Monona-Harrison Ditch."

It is a fair inference there was some advantage to appellee or expectation thereof, deemed by it sufficient to justify the conditions in its offer to the trustees. A possible reason which suggests itself was that an agreement with the drainage district would facilitate favorable action upon the application for permit then pending before the Commerce Commission.

In this connection it may be observed that, April 5, 1941, appellee petitioned the Board of Supervisors of Harrison County, Iowa, to grant it the right to lay and maintain its pipe line under highways and over and under drainage ditches and watercourses in the county. This petition was granted by the Board of Supervisors April 14, 1941, subject to a number of conditions.

The record shows appellee was the moving party who proposed the agreement and the terms and conditions thereof, and made the offer which was accepted by the trustees March 6, 1941, the day upon which it was made. The conditions listed in appellee's petition or offer were the consideration offered by appellee. Appellee's second application or offer, Exhibit D,

was an amendment to its first application, was made the trustees by appellee May 29, 1941, and was granted the same day by the resolution, Exhibit E.

II. Appellee's Brief states:

"This is not an equitable action by the Board of Trustees of the Monona-Harrison Drainage District to reform or modify the terms and conditions of the grant of permission embodied in its resolutions on the grounds of mistake. Rather, it is an action at law. The resolutions are clear and unambiguous and require no construction or interpretation."

■ It is argued by appellee that only the Resolutions of the Board of Trustees may be considered. The petition and amended petition for permit of March 6 and May 29, 1941, respectively and the two resolutions of the same dates are all part of the same transaction. Each resolution states the petition of that date is granted and refers to the conditions set out in such petition. The conditions listed in Exhibit A are repeated in Exhibit B in substantially the same language. The resolution of May 29, 1941, Exhibit E, states also it is subject to the conditions of the resolution of March 6, 1941. It is true there are a few discrepancies in the language of these instruments. None of these is serious. Perhaps they may be attributed to the hurried preparation of the resolution which was adopted the same day appellee made application to the Board therefor. However, when the four instruments are considered together their meaning is not open to serious question. We hold this method of considering them is proper, and we have followed it. Vorthmann v. Great Lakes Pipe Line Co., 228 Iowa 53, 62, 289 N.W. 746; Hubbard v. Wallace Co., 201 Iowa 1143, 1147, 208 N.W. 730, 45 A. L. R. 1065; Allison Ford Sales v. Farmers State Bank, 249 Iowa 261, 264, 86 N. W.2d 896, 898.

■ III. Exhibit D is appellee's petition to the Board of Trustees of the Drainage District for, "amendment to permit to cross Monona-Harrison Drainage District and Little Sioux River with a pipe line." Therein appellee asked that its original permit, Exhibit B, be amended to permit an overhead crossing of the main Monona-Harrison Ditch and agreed to pay for the expense of moving machinery around the ends of the overhead structure, etc.

Exhibit D states also:

"Said company [plaintiff] further agrees that in the event said Board of Trustees shall find it necessary at any time to change the location of said ditch *or River* in order to provide better outlet and in the interest of public safety, usefulness [and interest] and utility of said drainage project, said company will make such changes as may be necessary to its pipeline crossing thereof without expense to said Board." (Italics supplied.)

Exhibit E, the Resolution of the Board of Trustees of the same date recites: "It is Therefore Hereby Resolved that said petition for amendment to said permit be granted." We construe these instruments to include the agreement that any changes in its pipe line necessitated by changes made in the location of Little Sioux River be made at appellee's expense. Moreover, we conclude that the conditions of the permit, of which appellee complains, were included in its voluntary offer to the trustees, which was accepted by the trustees and which appellee may not now avoid on the ground the trustees were without power to accept it.

IV. Appellee pleaded its transactions, as shown by Exhibits A, B, D and E, were with the Trustees of Monona-Harrison Drainage District and not with appellant, Joint Board of Supervisors. In argument it contends the record does not show appellant (The Joint Board of Supervisors of Harrison and Monona Counties, Iowa, sitting as the governing Board of Little Sioux Intercounty Drainage District of Harrison and Monona Counties) succeeded to the rights of the Board of Trustees of Monona-Harrison Drainage Districts against appellee.

For a considerable period of time the channel of the Little Sioux River, which served to carry part of the floodwater of this area to the Missouri River, had become silted up so that all the drainage water flowed into the main Monona-Harrison Ditch which did not have sufficient capacity to carry it. Efforts to keep these outlets operating properly had not been successful. Largely to correct this, Little Sioux Intercounty Drainage District was established in 1955. This district includes approximately thirty-three previously established and operating

drainage districts including Monona-Harrison Drainage District. The immediate purpose for which this district was organized was to carry out the construction of Plan O of the United States Army Corps of Engineers. This new district actually took over jurisdiction of the lower part of the Little Sioux River from the trustees of the Monona-Harrison Drainage District.

Prior to that time the trustees of Monona-Harrison District had adopted what was known as the Gaynor plan for improving the channel of the Little Sioux River and of the main ditch. This plan was considered in Johnson v. Monona-Harrison Drainage District, 246 Iowa 537, 68 N.W.2d 517, and the changes in the channel of the river, then proposed, are shown in the map or sketch set out in that decision. The changes actually made in the channel by the new district were along approximately the same lines, but were of greater scope and dimensions. It is clear they were such changes in the location of said river as appellee had agreed could be made without compensating it for the cost of relocating its pipe line at the river crossing.

All the land in Monona-Harrison Drainage District is also in Little Sioux Intercounty Drainage District which took over from the former the care and management of the part of Little Sioux River channel with which this case is concerned. This carried with it the use and control of the physical properties and interests of Monona-Harrison Drainage District in that area, as well as all rights immediately connected therewith. We are satisfied the new district is entitled to the benefit of the agreement of appellee with Monona-Harrison Drainage District. The rights thereunder of landowners of the old district may not be taken from them by superimposing the new district upon the old.

The order and judgment of the district court is reversed and the cause is remanded for order and judgment accordingly. —Reversed and remanded.

THOMPSON, C. J., and BLISS, GARFIELD, GARRETT, HAYS, and LARSON, JJ., concur.

PETERSON and THORNTON, JJ., take no part.